AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1000
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
Email: ayen@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: 21.2760.0098
Direct Dial: 646.536.5692
Facsimile: 212.202.3819
Email: dkeyhani@meredithkeyhani.com

*Attorneys for Plaintiff LT Game International Ltd.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHUFFLE MASTER, INC., a Minnesota Corporation,<br><br>Defendant. | CASE NO. 2:12-cv-01216-GMN-GWF<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LT Game International Ltd. ("Plaintiff") for its First Amended Complaint against defendant Shuffle Master, Inc. ("Defendant") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unfair competition under federal law, the State of Nevada common law, Macau commercial code and tortious interference with prospective business and contractual relations.

**PARTIES**

2. Plaintiff is a Canadian corporation located at 4350 Steeles Ave. E, Market Village, Box 15 2/F, Unit A103 Markham Ontario L3R 9V4 Canada and also located at Suite

1207, 12/F, Macau Landmark No. 555 Avenida da, Amizade, Macau, authorized to do business in the State of Nevada.

3. Plaintiff is the exclusive agent and licensee of LT Game Ltd.'s business, technology, intellectual property and products sold to customers based in the North America.

4. Defendant is a Minnesota corporation located at 1106 Palms Airport Drive, Las Vegas, NV, 89119 and, upon information and belief, is authorized to do business in the State of Nevada.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., and as is hereinafter more fully described.

6. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as the controversy is between a citizen of s state and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8. Defendant is headquartered in this Judicial District and accordingly is subject to the Jurisdiction of this Court.

**BACKGROUND**

9. Plaintiff is in the business of marketing, offering for sale and the sale of technologically innovative and proprietary gaming and casino products and services to customers in the gaming and casino industry.

10. Plaintiff's business is focused on customers that are based in North America, however, the nature of the industry is international and Plaintiff's business, products and services are promoted, marketed and offered for sale internationally, including but not limited to, in Macau and Australia.

11. Defendant is a direct competitor of Plaintiff in the business of marketing and the sale of gaming and casino products to customers in the gaming and casino industry throughout the world, including in Macau and in Las Vegas, Nevada.

12. Over the past year, Defendant has begun an international campaign of disparagement of Plaintiff's business and its products and services and has directly and indirectly interfered with Plaintiff's business and potential business activities, dealings and contracts with customers in the United States and in Las Vegas, Nevada.

13. Defendant has made misrepresentations regarding Plaintiff's business and products, including Plaintiff's LT Game Live Multi-Table System, at international trade shows, including at the G2E gaming trade show in May, 2012 in Macau, and directly and indirectly to Plaintiff's current and prospective customers in the gaming and casino industry.

14. Defendant's misrepresentations include, but are not limited to, misrepresentations regarding the nature and quality of Plaintiff's services and products, including but not limited to, Plaintiff's LT Game Live Multi-Table System.

15. Defendant's aforementioned unlawful conduct, including misrepresentations to Plaintiff's customers and potential customers, including but not limited to, the Las Vegas Sand Corporation and The Venetian, located in Las Vegas, Nevada, have taken place in Macau, in the United States, and in Las Vegas, Nevada, among other places.

16. Defendant's misrepresentations have undermined and negatively impacted Plaintiff's business, current and prospective deals and contracts, including but not limited to, lost opportunity, scope of commitments, terms and value.

17. Defendant is engaging in this course of action willfully and with full knowledge and intent to interfere and damage Plaintiff's business deals with its current and prospect customers.

18. Plaintiff has no adequate remedy at law.

## COUNT I
## UNFAIR COMPETITION (LANHAM ACT)

19. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

20. Defendant's aforesaid activities constitute unfair competition under the federal Lanham Act.

3

21. Defendant's aforesaid activities have damaged and caused, and are damaging and causing, irreparable harm to the Plaintiff.

**COUNT II**
**UNFAIR COMPETITION (NEVADA COMMON LAW)**

22. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

23. Defendant's aforesaid activities constitute unfair competition under the State of Nevada's common law.

24. Defendant's aforesaid activities have damaged and have caused, and are damaging and causing, irreparable harm to the Plaintiff.

**COUNT III**
**UNFAIR COMPETITION**
**(MACAU LAW - COMMERCIAL CODE)**

25. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

26. Defendant's aforesaid activities constitute unfair competition under Macau Commercial Code Articles 156-173, Title X, Book I. Attached hereto as **Exhibit 1** is a true and correct English version of the Macau Commercial Code Articles 101-200, Title X, Book 1.

27. Defendant's aforesaid activities have damaged and have caused, and are damaging and causing, irreparable harm to the Plaintiff.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS AND CONTRACTUAL RELATIONS**

28. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

29. As described herein, Plaintiff has been in communications and negotiations with current and prospective customers for sale of its gaming and casino products.

30. Defendant has been aware of these communications and negotiations.

31. Defendant, directly and through its agents, has made false claims and misrepresentations regarding Plaintiff and its products in order to undermine, interfere and

1  obstruct Plaintiff from making business relations, deals and contracts for the sale of its products
2  with its current and prospective customers.

3      32. Defendant's aforesaid actions have undermined and damaged Plaintiff's business
4  relations with its current and prospective customers and have resulted in the loss of business
5  deals and contracts.

6      33. Defendant's aforesaid activities have damaged and caused irreparable harm to
7  the Plaintiff.

## **REQUESTED RELIEF**

**WHEREFORE**, Plaintiff prays that:

A. Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be enjoined and restrained, permanently from:

    1. Making any false or misleading representation regarding the Plaintiff and/or their products to the public, the gaming and casino industry, and any current or prospect customer of the Plaintiff.

    2. Unfairly competing with the Plaintiff in any manner.

B. Plaintiff recover Defendant's profits, as well as the damages sustained by Plaintiff as a result of Defendant's unlawful actions, such amount of profits and damages to be trebled;

C. Defendant be required to pay Plaintiff's costs of this action, together with reasonable attorneys' fees and disbursements;

D. Plaintiff be awarded statutory damages pursuant to the Lanham Act; and

E. Awarding Plaintiff any other relief that this Court deems just and proper.

. . .
. . .
. . .
. . .
. . .

5

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

RESPECTFULLY SUBMITTED this 17th day of August, 2012.

        McDONALD CARANO WILSON LLP

By: */s/ Amanda C. Yen*
    AMANDA C. YEN, ESQ. (#9726)
    2300 W. Sahara Avenue, Ste. 1000
    Las Vegas, NV 89102
    Telephone:   702.873.4100
    Facsimile:   702.873.9966
    Email:   ayen@mcdonaldcarano.com

    DARIUSH KEYHANI (DK9673) (*pro hac vice*)
    MEREDITH & KEYHANI, PLLC
    330 Madison Avenue, 6th Floor
    New York, New York 10017
    Telephone:   21.2760.0098
    Direct Dial:   646.536.5692
    Facsimile:   212.202.3819
    Email:   dkeyhani@meredithkeyhani.com

*Attorneys for Plaintiff LT Game International Ltd.*

LVDOCS-#259419-v1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 17th day of August, 2012, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in this case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP