AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:     702.873.4100
Facsimile:      702.873.9966
Email: ayen@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:     212.760.0098
Facsimile:      212.202.3819
Email: dkeyhani@meredithkeyhani.com

*Attorneys for plaintiff LT Game International Ltd.*

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LT GAME INTERNATIONAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SHUFFLE MASTER, INC.,<br><br>Defendant. | CASE NO. 2:12-CV-01216-GMN-GWF<br><br>**LT GAME INTERNATIONAL LTD.'S OPPOSITION TO SHUFFLE MASTER, INC.'S MOTION TO DISMISS** |

The Motion to Dismiss filed by defendant Shuffle Master, Inc. ("Defendant") should be denied in its entirety.

Defendant provides four bases on which it seeks a dismissal of the complaint filed by LT Game International LTD. ("LT Game"): (1) LT Game is not registered to do business in the State of Nevada and cannot commence or maintain this action; (2) the complaint is devoid of factual allegations to adequately place Defendant on notice and thus fails to meet Fed. R. Civ. P. 8's pleading requirements; (3) LT Game failed to state a claim for relief under Macau law; and (4) the Court lacks subject matter jurisdiction over LT Game's unfair competition cause of action brought under Macau law. *See* Motion to Dismiss at 5:27-11:4, Dkt. 11.  All four bases

upon which Defendant relies have been cured,[1] however; thus, LT Game respectfully requests the Court deny Defendant's Motion to Dismiss.

## I. LT Game Is Authorized To Do Business In The State Of Nevada

Nev. Rev. Stat. 80.055 provides, in pertinent part:

> Except as otherwise provided in subsection 3, every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, may not commence or maintain any action or proceeding in any court of this State until it has fully complied with the provisions of NRS 80.010 to 80.040, inclusive.

NRS 80.055(2). However, as set forth by the Nevada Supreme Court,[2] simply because an entity has not yet qualified to do business in Nevada does not provide a court with grounds for dismissal of its action. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 50-52, 38 P.3d 872, 874-76 (2002). Instead, a court must stay the action to allow the foreign corporation to qualify to do business in Nevada. *Id.* Only "[f]ailure to promptly qualify" may result in dismissal. *Id.* at 52, 38 P.3d at 876.

Here, LT Game already took the necessary steps to qualify to do business in the State of Nevada, and *is* qualified to do business. *See* Foreign Corporation Qualification and Nevada State Business License, attached hereto as **Exhibit 1**. Accordingly, there is no basis for this Court to dismiss or stay this action based upon LT Game's ability to conduct business in Nevada.

Defendant's first basis for dismissal is moot.

## II. LT Game Filed A First Amended Complaint

Fed. R. Civ. P. 15(a)(1)(B) provides:

*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

---

[1] In addition, with respect to Defendant's supplemental jurisdiction argument, as set forth in Section II(B), *infra*, Defendant's argument also is incorrect and does not provide any basis for dismissal since Defendant fails to recognize that LT Game brought this action under both federal question jurisdiction and diversity jurisdiction. *See* Complaint, ¶¶ 5-6, Dkt. 1.

[2] Defendant concedes that this Court must look to state law to determine if LT Game may maintain this case of action. *See* Motion to Dismiss at 6:13-14, Dkt. 11.

2

>(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*See* FRCP 15(a)(1)(B) (emphasis in original).

Here, LT Game amended its complaint as a matter of course within the allotted time period provided by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  FRCP 15(a)(1)(B); *see also* First Amended Complaint, Dkt. 14, attached hereto as **Exhibit 2**. Specifically, Defendant filed its Motion to Dismiss on July 31, 2012. *See* Motion to Dismiss, Dkt. 11. Accordingly, LT Game had until August 24, 2012 to file a First Amended Complaint as a matter of course. FRCP 15(a)(1)(B). LT Game filed its First Amended Complaint on August 14, 2012. *See* First Amended Complaint, Dkt. 14. Thus, LT Game properly amended its complaint under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

**A. Defendant's Arguments That LT Game Failed To Adequately Plead Under Fed. R. Civ. P. 8 And Failed To State A Claim For Relief Under Macau Law Are Moot.**

LT Game does not agree with Defendant that its complaint merely sets forth "legal conclusions and restatements of legal elements" or that LT Game failed to plead facts to support a claim under Macau law. Motion to Dismiss at 4:5-6 and 9:25-27, respectively. However, LT Game need not substantively oppose Defendant's arguments.  As is its right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), LT Game filed a First Amended Complaint thus making moot bases two and three of Defendant's Motion to Dismiss. *See* FRCP 15(a)(1)(B); *see also* First Amended Complaint, Dkt. 14.

**B. Defendant's Argument That This Court Lacks Subject Matter Jurisdiction Over LT Game's Unfair Competition Claim Brought Under Macau Law Is Incorrect And Is Also Moot.**

Defendant argues that this Court does not have subject matter jurisdiction over LT Game's unfair competition under Macau law. *See* Motion to Dismiss at 10:13-11:4, Dkt. 11. This argument is rendered moot by virtue of LT Game's First Amended Complaint. Nevertheless, Defendant fails to recognize that, as alleged in the original complaint and the First Amended Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the

controversy is between citizens of a state and a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Complaint, ¶ 5, Dkt. 1.

LT Game is a company organized under the laws of Canada, and Defendant is a corporation organized under the laws of Minnesota and headquartered in Nevada. *See* First Amended Complaint, ¶¶ 2 and 4, Dkt. 14. Additionally, the amount in controversy exceeds $75,000. *Id.*, ¶ 6. Therefore, this Court has diversity jurisdiction over all of LT Game's claims - including its claim for unfair competition under Macau law. *See* 28 U.S.C. § 1332.

Alternatively, this Court has supplemental jurisdiction over LT Game's claim related to violations of Macau law. 28 U.S.C. § 1367(a) states, in part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*See* 28 U.S.C. § 1367(a). Therefore, "there is power in federal courts to hear the whole . . . when the state and federal claims derive from a common nucleus of operative fact' and are so linked that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 580, 125 S.Ct. 2611, 2632 (2005) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966)).

"Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Id.* at 558, 125 S.Ct. at 2620. "The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 534 (1997) (internal citations omitted). In addition, courts routinely determine and apply foreign laws. *See Smith v. Condry*, 42 U.S. 28 (1843) (applying British law to the collision of two ships); *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik*, 295 F.3d 59, 64 n.4 (1st Cir. 2002) (recognizing a court may apply German contract law, Austrian inheritance law, and U.S. Copyright law); *Abogados v.*

1  *AT&T, Inc.*, 223 F.3d 932 (9th Cir. 2000) (applying Mexican law to a tortious interference with
2  contract claim).

3  Here, Defendant offers little support for its argument that the foreign and domestic
4  claims do not share a common nucleus of operative fact. *See* Motion to Dismiss at 10:13-11:4,
5  Dkt. 11. Moreover, Defendant fails to address the necessary considerations of judicial
6  economy, convenience, fairness, and comity. *Id.* Importantly, these factors all weigh in favor
7  of trying these claims in this Court – neither of the parties is located in Macau; both are located
8  in North America.

9  LT Game is qualified to do business in Nevada, and Defendant is headquartered in
10 Nevada. In addition, as set forth in the First Amended Complaint, although LT Game's
11 business "is focused on customers that are based in North America. . .the nature of the industry
12 is international and [LT Game's] business, products and services are promoted, marketed and
13 offered for sale internationally, including but not limited to, in Macua and Australia." *See* First
14 Amended Complaint, ¶ 10, Dkt. 14. Moreover, LT Game's customers travel throughout the
15 world and attend trade shows in search of new gaming and casino products and services,
16 including in Macau, which is where, at least in part, Defendant's misrepresentations have taken
17 place. *Id.*, ¶¶ 10-15. Finally, a review of the allegations in the First Amended Complaint as
18 well as a comparison of Macau Commercial Code Articles 156-173, Title X, Book I with the
19 Lantham Act demonstrates that LT Game's cause of action brought pursuant to Macau law
20 shares a common nucleus of operative fact with its unfair competition cause of action brought
21 pursuant to the Lantham Act. *Id.*, ¶¶ 9-27; *compare* the Lantham Act, 15 U.S.C. § 1051, *et seq.*
22 (providing for protection against unfair competition in the form of false statements), *with*
23 Macau Commercial Code, Article 156-173, Title X, Book 1 (same). Without a doubt, the causes
24 of action share a common nucleus of operative fact, and this Court is the most fair, convenient,
25 and judicially economical forum to prosecute LT Game's claims.

26 For these reasons, in the event the Court disagrees that diversity jurisdiction applies, LT
27 Game respectfully requests this Court exercise its supplemental jurisdiction over LT Game's
28 Macau law-based claim.

5

Defendant's arguments regarding lack of subject matter jurisdiction over LT Game's claim under Macau law were rendered moot by the First Amended Complaint. Nevertheless, this Court has diversity jurisdiction over all of LT Game's claims, including those based on Macau law, and alternatively, this Court has supplemental jurisdiction under 28 U.S.C. 1367(a). The Court should deny Defendant's requested relief to dismiss LT Game's unfair competition claim brought under Macau law.

### III.  Conclusion

Based upon the foregoing, LT Game respectfully requests the Court deny Defendant's Motion to Dismiss in its entirety.

LT Game is authorized to do business in Nevada, has filed a First Amended Complaint - curing all complaints made by Defendant - and this Court has jurisdiction over LT Game's cause of action brought under Macau law.

RESPECTFULLY SUBMITTED this 17th day of August, 2012.

McDONALD CARANO WILSON LLP


By: */s/ Amanda C. Yen*
AMANDA C. YEN, ESQ. (NSBN 9726)
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV  89102
Telephone:   702.873.4100
Facsimile:    702.873.9966
Email:          ayen@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:   212.760.0098
Facsimile:    212.202.3819
Email:          dkeyhani@meredithkeyhani.com

*Attorneys for plaintiff LT Game International Ltd.*

LVDOCS-#259306-v1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 17th day of August, 2012, a true and correct copy of the foregoing **LT GAME INTERNATIONAL LTD.'S OPPOSITION TO SHUFFLE MASTER, INC.'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in this case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP