ANDREW P. GORDON, ESQ.
Nevada Bar No. 3421
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1000
Las Vegas, NV  89102
Telephone:	702.873.4100
Facsimile:	702.873.9966
Email:	agordon@mcdonaldcarano.com
	ayen@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:	21.2760.0098
Direct Dial:	646.536.5692
Facsimile:	212.202.3819
Email:	dkeyhani@meredithkeyhani.com

*Attorneys for plaintiff LT Game International Ltd.*

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., | CASE NO.  2:12-cv-01216-GMN-GWF |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO SHUFFLE MASTER, INC.'S MOTION TO DISMISS** |
| SHUFFLE MASTER, INC., | |
| Defendant. | |

**I.	INTRODUCTION**

The Court should deny in its entirety the second motion to dismiss[1] filed by defendant Shuffle Master, Inc. ("Defendant").  Defendant's second motion to dismiss, which raises new arguments not raised in its first motion, mischaracterizes the well settled law on pleading under Rules 8 and 9(b) of the Federal Rules of Civil Procedure and their applicability to unfair competition claims brought under the Lanham Act and common law.  Further, to the extent the

---

[1] As is its right, plaintiff LT Game International, LTD. ("LT Game") filed its amended pleading not as an admission that Defendant's first motion to dismiss had merit, but as a use of the procedural tools available for the very purpose they were intended - to avoid wasting the valuable time and resources of the parties and the Court on unnecessary motion practice.

Defendant claims to analyze LT Game's pleading in light of the appropriate standard of "notice pleading" under Rule 8, it mischaracterizes the facts. Finally, Defendant's challenge to LT Game's claim of tortious interference with prospective business and/or contractual relations premised on NRS 463.650 is wholly inapplicable.

## II. ARGUMENT

### A. Rule 8 Governs Pleading for Lanham Act And Unfair Competition Claims

It is well settled law that Rule 8 of the Federal Rules of Civil Procedure sets out the standard for pleading claims under the Lanham Act and unfair competition. *See RA Medical Systems, Inc. v. PhotoMedex, Inc.*, 373 Fed.Appx. 784, 787 (9th Cir. 2010) ("Under the applicable liberal notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure, [plaintiff] adequately alleges facts to support all elements of its Lanham Act and state law claims."); *see also Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (holding a complaint met Rule 8 requirements for an unfair competition claim); *see also, e.g., S B ICE, LLC v. MGN, LLC,* 08 CIV. 3164 (DLC), 2008 WL 4682152 (S.D.N.Y. Oct. 20, 2008) (applying the Rule 8 pleading standard with respect to claims under the Lanham Act and unfair competition); *John P. Villano Inc. v. CBS, Inc.*, 176 F.R.D. 130, 131 (S.D.N.Y. 1997) (Lanham Act claims do not equate to claims for fraud and as such are not subject to the heightened pleading requirements of Rule 9); *Gillette Co. v. Philips Oral Healthcare, Inc.*, 2001 U.S. Dist. LEXIS 18624 (S.D.N.Y. 2001).

The courts in this district also hold that Rule 8 of the Federal Rules of Civil Procedure applies to claims under the Lanham Act and unfair competition. *Stephens Media LLC v. CitiHealth, L.L.C.*, 2:09-CV-2285-MMD-RJJ, 2012 WL 3230535 (D. Nev. Aug. 6, 2012) ("Complaint states plausible claims for relief under Rule 8 … to support its Lanham Act and common law trademark claims."); *see also Zuffa, LLC v. Justin.tv, Inc.*, 838 F. Supp. 2d 1102, 1103 (D. Nev. 2012) (applied Rule 8 pleading standard with respect to claims brought under the Lanham Act); *Rockstar, Inc. v. Rap Star 360 LLC*, 2:10-CV-00179-LRH, 2010 WL 2773588 (D. Nev. July 8, 2010) (applied Rule 8 of Federal Rules of Civil Procedure as the applicable standard for pleading claims under the Lanham Act and common law unfair competition).

Accordingly, Defendant misstates the applicable pleading standard that applies to LT Game's Lanham Act and unfair competition claims.

### B. LT Game Meets Its Pleading Requirement Under Rule 8

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FRCP 8(a)(2). "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Instead, to satisfy Rule 8(a)(2), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Although this standard requires that a claim be 'plausible on its face,' it does not require that a complaint contain 'detailed factual allegations.'" *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "As the text of Rule 8(a)(2) itself makes clear, even a 'short and plain' statement can state a claim for relief." *See Sheppard v. Evans and Assoc.*, ___ F.3d ___, 2012 WL 3983909 at 2 (9th Cir. Sept. 12, 2012) (citing FRCP 8(a)(2)).

Moreover, this Court has described the claim of unfair competition as very broad and "extremely flexible." *See Custom Teleconnect, Inc. v. International Tele-Services, Inc.*, 254 F. Supp.2d 1173, 1182 (D. Nev. 2003); *see also Golden Nugget, Inc. v. American Stock Exchange, Inc.,* 828 F.2d 586, 591 (9th Cir. 1987) ("[W]e acknowledge freely that the tort of unfair competition is extremely flexible, and courts are given discretion to determine whether conduct is 'unfair'. . . .")(*citing* McCarthy on Trademarks §1:14). Section 43(a) of the Lanham Act provides in pertinent part:

*\*\*\**

(2) [Any person who] in commercial advertising or promotion ***misrepresent*** the nature, characteristics or qualities, or …. of his or her or another persons person's goods, services or commercial activities,

shall be liable in a civil action by any person who believes he or she is or is likely to be damages by such act (emphasis added).

3

15 U.S.C. § 1125(a); *see also Kendall-Jackson Winery, Ltd v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1998).

Further, under Macau Unfair Competition, "The making or broadcast of statements on the enterprise, products, services or commercial relations of competitors, which are apt to diminish their credit in the market, is considered unfair except if they are exact, true and pertinent" constitute unfair competition." Macau Commercial Code Articles 101-200, Title X, Book 1.

Here, LT Game has pled sufficient facts, which if true, state a claim for unfair competition. Specifically, LT Game asserts in its Amended Complaint, *inter alia*, that:

> 13. Defendant has made misrepresentations regarding Plaintiff's business and products, including Plaintiff's LT Game Live Multi-Table System, at international trade shows, including at the G2E gaming trade show in May, 2012 in Macau, and directly and indirectly to Plaintiff's current and prospective customers in the gaming and casino industry.
>
> 14. Defendant's misrepresentations include, but are not limited to, misrepresentations regarding the nature and quality of Plaintiff's services and products, including but not limited to, Plaintiff's LT Game Live Multi-Table System.
>
> 15. Defendant's aforementioned unlawful conduct, including misrepresentations to Plaintiff's customers and potential customers, including but not limited to, the Las Vegas Sand Corporation and The Venetian, located in Las Vegas, Nevada, have taken place in Macau, in the United States, and in Las Vegas, Nevada, among other places.

*See* First Amended Complaint, ¶¶ 13-15, Dkt. 14.

LT Game identifies the party, the Defendant, alleges at least one specific time, May 2012, at least one specific location, the G2E gaming trade show in Macau, alleges specific misrepresentations were made regarding the nature and quality of LT Game's services and at least one of its products, the LT Game Live Multi-Table System, to LT Game's current and prospective customers, and provides the identity of at least two specific customers, including the Sands Corporation and The Venetian, and alleges misrepresentation. If these facts asserted by the LT Game are true, LT Game clearly "state[s] a claim to relief that is plausible on its face" for unfair competition.

4

A claim for tortious interference with current and prospective business contractual relations requires the existence of prospective business relationships or contract, Defendant's knowledge of that prospective relationship or contract, intent to harm the relationship or contract, actual harm and lack of any privilege or legal justification. *Custom Teleconnect, Inc*. at 1181; *see also Consolidated Generator-Nevada, Inc. v. Cummins Engine Co.,* 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1998).

In its Amended Complaint, LT Game, *inter alia*, alleges:

> 15. Defendant's aforementioned unlawful conduct, including misrepresentations to Plaintiff's customers and potential customers, including but not limited to, the Las Vegas Sand Corporation and The Venetian, located in Las Vegas, Nevada, have taken place in Macau, in the United States, and in Las Vegas, Nevada, among other places.
>
> 16. Defendant's misrepresentations have undermined and negatively impacted Plaintiff's business, current and prospective deals and contracts, including but not limited to, lost opportunity, scope of commitments, terms and value.
>
> 17. Defendant is engaging in this course of action willfully and with full knowledge and intent to interfere and damage Plaintiff's business deals with its current and prospect customers.
>
> ***
>
> 30. Defendant has been aware of these communications and negotiations.
>
> 31. Defendant, directly and through its agents, has made false claims and misrepresentations regarding Plaintiff and its products in order to undermine, interfere and obstruct Plaintiff from making business relations, deals and contracts for the sale of its products with its current and prospective customers.
>
> 32. Defendant's aforesaid actions have undermined and damaged Plaintiff's business relations with its current and prospective customers and have resulted in the loss of business deals and contracts.

*See* First Amended Complaint, ¶¶ 15-17 and 30-32, Dkt. 14.

Thus, LT Game alleges that LT Game had prospective business deals with customers, including the Sands Corporation and The Venetian, Defendant knew of these prospective business relations and deals, Defendant willfully and with full knowledge and intent interfered with these relations and deals by making misrepresentations regarding the LT Game and its products to cause damage to LT Game's relations and deals, and Defendant's actions have resulted in the loss of prospective business deals and contracts. *Id.* If these facts asserted by

LT Game are true (and which the Court must accept as true at this stage), then LT Game clearly "state[s] a claim to relief that is plausible on its face" for tortious interference with current and prospective business and/or contractual relations.

Accordingly, LT Game sufficiently states its claims for relief under Rule 8 and puts the Defendant on notice with respect to its claims.

### 1. Rule 9(b) is only applicable to claims for fraud or allegations of fraud

Defendant mischaracterizes the law with respect to the applicability of Rule 9(b) of the Federal Rules of Civil Procedure to claims under the Lanham Act and unfair completion law. The Supreme Court has made clear that Rule 9(b) is applicable only in those "specific instances" of fraud. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).

Defendant claims that *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) stands for the proposition that Rule 9(b) applies "to unfair competition claims based on alleged misrepresentation." Motion to Dismiss at 7:15-16, Dkt. 17. This is incorrect.[2] Instead, the court made clear that the California Unfair Competition Law ("UCL") did not require an element of fraud, but that fraud could be alleged under the UCL. *Kearns*, 567 F.3d at 1125 ("While fraud is not a necessary element of a claim under the . . .UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct."). The court further stated that **only** if fraud was alleged would the Rule 9(b) pleading standard apply, noting that in the complaint the plaintiff "alleges that [defendant] engaged in a fraudulent course of conduct." *Id.*

Accordingly, the court in *Kearns* held:

> "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party's pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" However, Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.

---

[2] Defendant's contention that the words "misrepresentation" and "fraud" are synonymous is not supported by any of the law on pleading claims under the Lanham Act and is nonsensical as it would require any claim brought under the Lanham Act to be alleged with particularly under Rule 9(b) because the very language of 15 U.S.C. § 1125(a) uses the word "**misrepresent.**" *See* Section II (A), *supra*.

   . . .' **Where fraud is <u>not</u> an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard.** Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b). To the extent a party does not aver fraud, the party's allegations need only satisfy the requirements of Rule 8(a)(2).

*Kearns*, 567 F.3d at 1124 (emphasis added) (internal citations omitted). Thus, contrary to Defendant's representations in its Motion to Dismiss, the *Kearns* court never held that Rule 9(b) always provides the appropriate pleading standard for unfair competition claims generally and/or claims under the Lanham Act.

  Here, LT Game makes no claims or allegations of fraud. *See* First Amended Complaint, Dkt. 14. Instead, LT Game asserts conventional claims of unfair competition under the Lanham Act, Nevada common law and Macau law and alleges "Defendant's misrepresentations include, but are not limited to, misrepresentations regarding the nature and quality of LT Game's services and products, including but not limited to, LT Game's LT Game Live Multi-Table System." *See* First Amended Complaint, ¶ 14, Dkt. 14  Nowhere in LT Game's pleading does LT Game assert any claim for fraud, allegations of fraud or any allegations amounting to fraud.

  In addition, Defendant's reliance on *Sensible Foods, LLC, Planet Coffee Roaster, Inc. Huntair, Inc.* and *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC.*, is misplaced. The Ninth Circuit makes clear in *Kearns*, as described above, that the question is whether fraud and/or allegations of fraud are being made, which is the case in all the cases Defendant relies upon; in each of these cases the plaintiff alleges fraud and fraudulent intent and/or circumstances that give rise to plaintiff's claims. In *Pestube Sys*, the court, citing the 9th Circuit's decision in *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1104 (9th Cir. 2003), held that where *"plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim ...* the claim is said to be 'grounded in fraud' or to 'sound in fraud' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." 2006 WL 1441014, 4 (D.Ariz. May 24, 2006) (emphasis added). **This is in direct contrast to the facts in this case where no claim for fraud or any allegations of fraud have been made, let alone a unified course of fraudulent conduct and an entire reliance on this course as the**

7

**basis of any claim.** Accordingly, Rule 8 is the applicable pleading standard with respect to all of LT Game's claims.[3]

### 2. LT Game's claims are actionable at the pleading stage of the litigation

Defendant's reliance on *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) and *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489 (5th Cir. 2000) is misguided. These cases address whether a plaintiff's claims were actionable after discovery and at the summary judgment stage. At the pleading stage, LT Game is not required to know every fact, plead, or prove every fact - this is the purpose of discovery. As provided above, LT Game is only required to alleged sufficient facts to put the Defendant on notice of its claims and "state a claim to relief that is plausible on its face." LT Game has more than pled sufficient facts to meet it pleading burden under Rule 8 at this stage of the litigation.

### 3. LT Game Should Be Granted Leave to Amend Its Pleading, If Required

The proper application of Rule 15(a) of the Federal Rules of Civil Procedure was set forth by the U. S. Supreme Court in *Foman v. Davis*, 371 U. S. 178, 182 (1962):

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

[3] Should the Court determine that LT Game's claims are grounded in fraud, which they are not, LT Game's claims are pled with specificity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. As set forth in detail in Section II(B), *supra*, LT Game has set forth the necessary requirements of "the who, what, when, where, and how." *See Vess,* 317 F.3d at 1106 (9th Cir. 2003) (citations omitted). Specifically, LT Game alleges that Shuffle Master, Inc. made "misrepresentations regarding the nature and quality of LT Game's services and products," including the LT Game Live Multi-Table System to the Las Vegas Sand Corporation and the Venetian both in Nevada and Macau during international trade shows, including the G2E gaming trade show in May 2012 in Macau. *See* First Amended Complaint, ¶¶ 13-15, Dkt. 14. Thus, LT Game has provided allegations "specific enough to give [D]efendant[] notice of the particular misconduct which is alleged to constitute the fraud charge so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Regardless, LT Game's claims are not grounded in fraud and LT Game had not alleged fraud by the Defendant.

of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U. S. at 182 (internal citations omitted).

In the event the Court should find that more facts are necessary to meet the required pleading standard, which LT Game strongly believes it should not, LT Game respectfully requests leave to amend its pleading.  LT Game has not previously made any request to the Court for any amendments to its pleading, it amended its pleading only once as matter of course as provided for under Rule 15 of the Federal Rules of Civil Procedure.  Defendant's second motion to dismiss raised many new arguments that it could have raised in its first motion, but did not and LT Game should be given a fair opportunity to cure any technical defects, if that was found to be the case, without causing any undue delay or prejudice to the Defendant at this very initial stage of the litigation.

C. **Defendant's Reliance On NRS 463.650 With Respect to LT Game's Tortious Interence Claims Is Misplaced**

LT Game's allegations of tortious interference with current and prospective business and/or contractual relations are not limited solely to Defendant's activities within the State of Nevada, but rather worldwide, including in Macau and Australia. *See* Amended Complaint ¶ 11, Dkt. 14.

Furthermore, to the extent Defendant's unlawful interference relates to LT Game's prospective business activities and contracts in the State of Nevada, they do not relate to gaming devices, but rather to LT Game's business generally, as well as accessory products, which are not covered under NRS 463.650 and do not require LT Game have a gaming license. *See* NRS 463.650; *see also* First Amended Complaint, ¶ 13, Dkt. 14 (alleging that Defendant has made "misrepresentations regarding LT Game's business and products").  Thus, LT Game's allegations are not limited to gaming devices.

Finally, as LT Game's First Amended Complaint makes clear, LT Game is not yet "manufactur[ing], selling or distribut[ing]" gaming devices in Nevada since the relationships and contracts with its current and prospective customers are "prospective business and

contractual relations." *See* First Amended Complaint, ¶¶ 29-32, Dkt. 14. Accordingly, Defendant's argument under this section of the Nevada Revised Statutes should be disregarded.

### III. CONCLUSION

For the foregoing reasons Defendant's motion to dismiss should be denied in its entirety.

RESPECTFULLY SUBMITTED this 21st day of September, 2012.

McDONALD CARANO WILSON LLP

By: */s/ Amanda C. Yen*
ANDREW P. GORDON, ESQ. (#3421)
AMANDA C. YEN, ESQ. (#9726)
2300 W. Sahara Avenue, Ste. 1000
Las Vegas, NV  89102
Telephone:   702.873.4100
Facsimile:   702.873.9966
Email:       agordon@mcdonaldcarano.com
             ayen@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:   21.2760.0098
Direct Dial: 646.536.5692
Facsimile:   212.202.3819
Email:       dkeyhani@meredithkeyhani.com

*Attorneys for Plaintiff LT Game International Ltd.*

LVDOCS-#262106-v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 21st day of September, 2012, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO SHUFFLE MASTER, INC.'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in this case.

                */s/ Della Sampson*
                An employee of McDonald Carano Wilson LLP