UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD.,<br><br>        Plaintiff,<br><br>vs.<br><br>SHUFFLE MASTER, INC.,<br><br>        Defendant. | Case No.  2:12-cv-01216-GMN-GWF<br><br>**ORDER**<br><br>**Motion to Compel Initial Disclosures - #24** |

This matter is before the Court on Defendant Shuffle Master's Motion to Compel Initial Disclosures in Compliance with FRCP 26(a)(1) (#24), filed on November 7, 2012; Plaintiff LT Game International Ltd.'s Opposition to Motion to Compel Initial Disclosures in Compliance with FRCP 26(a)(1) (#25), filed on November 26, 2012; and Defendant's Reply in Support of Motion to Compel Initial Disclosures in Compliance with FRCP 26(a)(1) (#26), filed on December 6, 2012. The Court conducted a hearing in this matter on January 24, 2013.

**BACKGROUND**

Plaintiff's First Amended Complaint (#14) alleges that Plaintiff LT Game International Ltd. markets and sells gaming and casino products and services to the gaming and casino industry.  ¶9. Plaintiff's business is focused on North America, but Plaintiff also promotes, markets and sells its products and services internationally, including in Macau and Australia.  ¶10.  Plaintiff alleges that Defendant Shuffle Master is a direct competitor of Plaintiff in the international gaming and casino products industry, including in Macau and Las Vegas, Nevada.  ¶11.   The First Amended Complaint further alleges:

. . .

12. Over the past year, Defendant has begun an international campaign of disparagement of Plaintiff's business and its products and services and has directly and indirectly interfered with Plaintiff's business and potential business activities, dealings and contracts with customers in the United States and in Las Vegas, Nevada.

13. Defendant has made misrepresentations regarding Plaintiff's business and products, including Plaintiff's LT Game Live Multi-Table System, at international trade shows, including at the G2E gaming trade show in May 2012 in Macau, and directly and indirectly to Plaintiff's current and prospective customers in the gaming and casino industry.

14. Defendant's misrepresentations include, but are not limited to, misrepresentations regarding the nature and quality of Plaintiff's services and products, including but not limited to, Plaintiff's LT Game Live Multi-Table System.

15. Defendant's aforementioned unlawful conduct, including misrepresentations to Plaintiff's customers and potential customers, including but not limited to, the Las Vegas Sand Corporation and The Venetian, located in Las Vegas, Nevada, have taken place in Macau, in the United States, and in Las Vegas, Nevada, among other places.

16. Defendant's misrepresentations have undermined and negatively impacted Plaintiff's business, current and prospective deals and contracts, including but not limited to, lost opportunity, scope of commitments, term and value.

The First Amended Complaint (#14) alleges causes of action for unfair competition in violation of the Lanham Act, Nevada common law, and the Macau Commercial Code, and for tortious interference with current and prospective business and contractual relations. Plaintiff seeks injunctive relief against Defendant and the recovery of damages, including recovery of Defendant's profits derived from its unlawful activity, treble damages and statutory damages under the Lanham Act.

Defendant has filed a Motion to Dismiss First Amended Complaint (#17) on the grounds that Plaintiff has failed to plead its allegations of misrepresentation or fraud with the particularity required under Fed.R.Civ.Pro. 9(b), and has also failed to set forth sufficient factual allegations to support its causes of action as required by Rule 8. Defendant's motion to dismiss is currently

. . .

. . .

. . .

pending before the court.[1]

Plaintiff served its "Initial Disclosures Pursuant to FRCP 26(e)" on October 19, 2012. *Motion to Compel (#24), Exhibit B, "Initial Disclosures."* Plaintiff's Initial Disclosure listed fifteen individuals likely to have discoverable information that Plaintiff may use to support its claims. These individuals include the Plaintiff's director and president, another director of the Plaintiff, four officers/employees of G2E Asia Reed Exhibitions located in Hong Kong, officers/employees of Las Vegas Sands, Barona Casino, Commerce Casino, The Resorts Casino, Station Casinos, two of Defendant's officers/employees, and the CEO of the American Gaming Association. Plaintiff's director and president, Frank Feng, is identified as having knowledge of Plaintiff's business operations, the unlawful and anticompetitive actions of the Defendant, and Plaintiff's alleged damages. The Disclosure states that Plaintiff's director Jay Chung, the representatives of G2E Asia Reed Exhibitions, and the CEO of the American Gaming Association are "believed to have knowledge regarding the actions that gave rise to the dispute between the Plaintiff and the Defendant at the 2012 G2E tradeshow in Macau." *Id.* The other witnesses, including Defendant's representatives, are "believed to have information regarding the current and prospective business deals and contracts that are the subject of Plaintiff's claims in this case, and [they] may have knowledge regarding damages sustained by the Plaintiff as a result of Defendant's unlawful actions." *Id.*

The Disclosure identifies the following categories of documents that Plaintiff may use in support of its claims:

> 1. Documents relating to current and prospective deals and contracts with customers that are the subject of Plaintiff's claims;
>
> 2. Documents relating to licensing and regulatory bodies in the State of Nevada with respect to products/accessories and/or services offered for sale by the Plaintiff;
>
> 3. Documents relating to Defendant's unlawful and anticompetitive actions against the Plaintiff in possession of the Defendant;

---

[1] Defendant previously filed a motion to dismiss Plaintiff's original complaint which was even less specific in its allegations.

3

      4. Documents relating to Plaintiff's business, operations, and products and services offered for sale by the Plaintiff;

      5. Documents relating to damages sustained by the Plaintiff as a result of Defendant's unlawful actions; and

      6. All documents produced by any party in this matter.

Plaintiff stated that its documents are located at addresses in Hong Kong, Las Vegas, Nevada, and Ontario, Canada.

In regard to Plaintiff's computation of damages, the Disclosure stated as follows:

> Plaintiff seeks to recover the value of lost business, business opportunity, and prospective contract. Plaintiff seeks to recover Defendant's profits, as well as the damages sustained by Plaintiff as a result of Defendant's unlawful actions, such amount of profits and damages to be trebled. Plaintiff will also seek taxable costs and attorneys' fees and disbursements as applicable. The Plaintiff's damages expert will conduct an analysis of the relevant evidence after the completion discovery and provide Plaintiff's specific damages demand.

*Motion to Compel (#24), Exhibit B, Initial Disclosures, pg. 6.*

After unsuccessful efforts to reach agreement for supplementation of Plaintiff's initial disclosures, Defendant filed the instant motion on November 7, 2012. On November 30, 2012, after Plaintiff filed its opposition to the motion, Plaintiff served a Supplemental Rule 26(a) Disclosures. *See Notice of Submission of Plaintiff LT Game International Ltd.'s Supplemental Rule 26(a) Disclosures (#28)*. The Supplemental Disclosures identified six additional individuals. Three of the individuals, Ah Yoke Wong, Jeff L. Voyles and Bryan Jenkins are identified as "likely to have information regarding statements made by the Defendant against the Plaintiff and/or its products." The remaining three new witnesses are officers/employees of gaming companies who are "believed to have information regarding the current and prospective business deals and contracts that are the subject of Plaintiff's claims in this case, and [they] may have knowledge regarding damages sustained by the Plaintiff as a result of Defendant's unlawful actions."

Plaintiff supplemented its document disclosures by identifying the documents in its possession by bates numbers. It also listed somewhat more specific categories of documents in Defendant's possession that Plaintiff may use to support its claims. Plaintiff also stated that its documents are located in Hong Kong, Las Vegas, Nevada, Ontario, Canada and East Aurora, New

4

York, without specifying which documents are located at which location.  Plaintiff's description of its damages was the same as in its Initial Disclosures.

## DISCUSSION

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to provide to the other party (i) the identity of individuals likely to have discoverable information, "along with the subjects of that information," that the disclosing party may use to support its claims or defenses; (ii) a copy, or description by category of all documents that the disclosing party has in its possession, custody or control and may use to support its claims and defenses (except for purely impeachment purposes); and (iii) a computation of each category of damages claimed by the disclosing party. The disclosing party is also required to make available for copying or inspection, the nonprivileged documents on which each computation is based.

Defendant's motion to compel Plaintiff to provide more detailed Rule 26(a) disclosures arises, in part, from its argument that because the allegations of the First Amended Complaint are so vague, Plaintiff's equally vague disclosures of witnesses, documents and alleged damages leaves Defendant with little concrete information about the nature or substance of Plaintiff's allegations. Defendant contends that there is, in fact, no substance to Plaintiff's claims and that Plaintiff simply intends to pursue burdensome discovery into Defendant's business and financial information. Defendant therefore argues that Plaintiff should be required to provide more detailed disclosures to demonstrate that it has a viable claim and upon which Defendant can pursue reasonable discovery. Without endorsing Defendant's arguments about alleged lack of merit in Plaintiff's claims, the Court agrees that combined with the lack of specific factual allegations in the complaint, Plaintiff's initial disclosures lack sufficient information.

**1.    Plaintiff's Documents.**  Rule 26(a)(1)(A)(iii) does not impose a duty to produce documents in the manner required by Rule 34. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592-3 (D.Nev. 2011), citing *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335 (D.Ariz. 2009). As discussed during the January 24, 2013 hearing, however, Plaintiff has identified a relatively small number of bate stamped documents in its Supplemental Disclosure served on November 30, 2013.  These documents are allegedly located in four different locations, including

1  Hong Kong and Canada.  Plaintiff's description of the documents is otherwise vague.  The Court
2  has therefore ordered Plaintiff to produce copies of the bates stamped documents identified in its
3  Supplemental Disclosure to Defendant's counsel on or before February 1, 2013.

4  **2.    Plaintiff's Potential Witnesses.**  Rule 26(a)(1)(A)(i) requires the party to disclose
5  the subjects of the information that the listed individual has and which the disclosing party may use
6  in support of its claims or defenses.  *Sender v. Mann*, 225 F.R.D. 645, 650 (D.Colo. 2004) states
7  that "the Rule 26(a)(1) disclosure requirements should 'be applied with common sense in light of
8  the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to
9  accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure
10 obligations.' *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a). *See also*
11 *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 174 F.R.D. 587, 589 (D.N.J.1997) (Rule 26 disclosure
12 requirement should be applied with common sense)." *Sender* also states that Rule 26(a) imposes an
13 affirmative duty on a party to make a reasonable inquiry to identify the witnesses whom it may call
14 or use in support of its claims or defenses.  225 F.R.D. at 650-651.  That inquiry includes
15 discovering the substance of the information the witness possesses and disclosing that information
16 to the other party if the disclosing party intends to use it.  *Lipari v. U.S. Bankcorp, NA*, 2008 WL
17 2874373, *2 (D.Kan.) states that "while a party is not required to provide a detailed narrative of the
18 potential witness' knowledge, the Rule 26(a)(1)(A) disclosure should provide enough information
19 that would allow the opposing party to help focus the discovery that is needed and to determine
20 whether a deposition of a particular person identified as a potential witness might be necessary."

21 In *Sender v. Mann*, the plaintiff made fairly specific factual allegations in his complaint, but
22 only listed investors or brokers in his Rule 26(a)(1)(A)(ii) disclosures without providing any
23 specific information about their alleged knowledge or information.  In holding that the disclosures
24 were insufficient, the court stated:

25  > Given these very specific allegations, it is difficult to see how
   > Sender's initial disclosures or [sic] brokers and investors, which refer
26 > only to ''the sale of promissory notes'' and ''other schemes
   > attempted or contemplated by Mann and Wells,'' could ''help focus
27 > the discovery'' efforts of the Freeborn Defendants or the Leone
   > Defendants. The initial disclosures are devoid of any information that
28 > would indicate which, if any, of these investors or brokers had

> information that Sender might use to prove the specific factual allegations against the Freeborn and the Leone Defendants, or any other aider and abettor for that matter.

*Sender*, 225 F.R.D. at 651.

In this case, both the factual allegations of the complaint and Plaintiff's initial disclosures are general and vague. Whether the First Amended Complaint can withstand Defendant's motion to dismiss under Rule 8 and the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) is debatable. According to paragraphs 13 of the First Amendment Complaint, however, Defendant allegedly "made misrepresentations regarding Plaintiff's business and products, including Plaintiff's LT Game Live Multi-Table System, at international trade shows, including at the G2E gaming trade show in May 2012 in Macau." Paragraph 15 further alleges that Defendant's "unlawful conduct, including misrepresentations to Plaintiff's customers and potential customers, including but not limited to, the Las Vegas Sand Corporation and The Venetian, located in Las Vegas, Nevada, have taken place in Macau, in the United States, and in Las Vegas, Nevada, among other places."

Plaintiff has identified five individuals, including its own director, Jay Chun, who are "believed to have knowledge regarding the actions that gave rise to the dispute between the Plaintiff and the Defendant at the 2012 G2E tradeshow in Macau." Similarly, Plaintiff states that Ah Yoke Wong, Jeff Voyles, and Bryan Jenkins "likely have information regarding statements made by Defendant against Plaintiff and/or its products." Defendant is entitled to know whether any of the listed individuals have knowledge of specific statements made or actions taken by Defendant, and if so what those statements or actions were. Plaintiff is therefore ordered to supplement its disclosures and set forth the specific statements or actions of Defendant that the individuals listed in its Initial Disclosures are believed to have knowledge of. If Plaintiff is merely speculating that the listed individuals may have such information or knowledge, then it should so state.

Plaintiff states that several listed individuals are "believed to have information regarding the current and prospective business deals and contracts that are the subject of Plaintiff's claims in this

case, and [they] may have knowledge regarding damages sustained by the Plaintiff as a result of Defendant's unlawful actions." Plaintiff is ordered to supplement its disclosures and set forth the specific current or prospective business deals and contracts that each listed individual is believed to have knowledge of, or the extent of the individual's knowledge or information regarding the damages allegedly sustained by Plaintiff. Again, if Plaintiff is merely speculating that the listed individuals may have such information or knowledge, then it should so state.

      **3.**    **Plaintiff's Computation of Damages.** Plaintiff's computation of damages is nothing more than a regurgitation of its prayer for relief in its complaint. Such a computation does not, even at this early stage of the case, comply with the requirements of Rule 26(a)(1)(A) (iii).

      Rule 26(a)(1)(C) requires the parties to make their initial disclosures within 14 days after their Rule 26(f) conference. Rule 26(a)(1)(E) further states that a party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. A party must also supplement or correct its initial disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery or in writing." Rule 26(e)(1)(A).

      In *City and County of San Francisco v. Tutor–Saliba Corporation,* 218 F.R.D. 219, 221 (N.D.Cal.2003), the court, citing the 1993 Amendments to the Advisory Committee Notes, stated that a plaintiff should provide its computation of damages in light of the information currently available to it in sufficient detail so as to enable the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery. The court further stated that the word "computation" contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff. As discovery proceeds, however, the plaintiff is required to supplement its initial damages computation to reflect the information obtained through discovery. *Id.,* at 222. The party

8

seeking damages must also timely disclose its theory of damages as well as the computation of those damages. *24/7 Records, Inc. v. Sony Music Entertainment, Inc.,* 566 F.Supp.2d 305, 318 (S.D.N.Y.2008). *See also CCR/AG Showcase Phase I Owner, LLC v. United Artists Theatre Circuit, Inc.*, 2010 WL 1947016, *4-*5 (D.Nev. 2010).

      Plaintiff argues that it cannot provide a more specific damages computation at this time because its damages will substantially be based on recovery of the profits that Defendant has obtained through its interference with Plaintiff's current or prospective contractual and business relations. Plaintiff states that once it has obtained all the necessary information through discovery, its damages expert(s) will evaluate the data and prepare a damages computation. The Court understands that precise calculation of Plaintiff's alleged damages may need to await future expert analysis. *Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D.Cal. 2009). Plaintiff alleges, however, that Defendant has interfered with its current or prospective contractual and business relations. Unless this allegation is wholly speculative, Plaintiff must have some knowledge of the contractual or business relationships that have been interrupted, and should be able to provide some estimates of value of those contracts or relationships in order to provide a preliminary computation of its damages. If Plaintiff does not presently have information that its contractual or business relationships have, in fact, been damaged by Defendant's alleged conduct, then it should so state.

## **CONCLUSION**

      Based on the foregoing, the Court concludes that Plaintiff's initial disclosures do not reasonably comply with Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. Because Plaintiff provided initial disclosures that partially complied with the rule and thereafter supplemented its disclosures in response to Defendant's motion to compel, however, an award of attorney's fees and expenses under Rule 37(a)(5) is not warranted at this time. Plaintiff is cautioned, however, that the Court may impose sanctions against it if it fails to provide sufficient initial disclosures in compliance with this order. Accordingly,

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant Shuffle Master's Motion to Compel Initial Disclosures in Compliance with FRCP 26(a)(1) (#24) is **granted** in accordance with the provisions of this order.

**IT IS FURTHER ORDERED** that Defendant shall serve supplemental initial disclosures regarding the individuals whom it may call as witnesses and its computation of damages on or before February 11, 2013.

DATED this 28th day of January, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge