ANDREW P. GORDON, ESQ.
Nevada Bar No. 3421
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
JOSEPH P. SCHRAGE, ESQ.
Nevada Bar No. 11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone:    702.873.4100
Facsimile:    702.873.9966
Email: agordon@mcdonaldcarano.com
       ayen@mcdonaldcarano.com
       jschrage@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 760-0098
Direct Dial: (646) 536-5692
Facsimile: (212) 202-3819
dkeyhani@meredithkeyhani.com

*Attorneys for Plaintiff LT Game International Ltd.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHUFFLE MASTER, INC., <br><br> Defendant. | CASE NO. 2:12-cv-01216-GMN-GWF <br><br> **LT GAME INTERNATIONAL LTD.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Pursuant to Local Rule 15-1 and Fed. R. Civ. P. 15(a) and 20(a), plaintiff LT Game International Ltd. ("LT Game International") hereby moves the Court for leave to file its Second Amended Complaint, a copy of which is attached hereto as **Exhibit 1**.

LT Game International seeks to add new factual allegations and further seeks to add LT Game (Canada) Limited ("LT Game Canada") as a plaintiff in this matter.

This Motion is made and based upon the following Memorandum of Points and Authorities, the entire case file, and any oral argument the Court may entertain on the matter.

RESPECTFULLY SUBMITTED this 31st day of January, 2013.

MEREDITH & KEYHANI, PLLC

By: /s/ Darius Keyhani
DARIUSH KEYHANI (DK9673)
(pro hac vice)
330 Madison Avenue, 6th Floor
New York, New York 10017

ANDREW P. GORDON, ESQ.
Nevada Bar No. 3421
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
JOSEPH P. SCHRAGE, ESQ.
Nevada Bar No. 11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102

*Attorneys for Plaintiff LT Game International Ltd.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On July 10, 2012, LT Game International filed its Complaint against defendant Shuffle Master, Inc. ("Defendant"). *See* Complaint, Dkt. 1. The Complaint asserts, among other things, that Defendant has repeatedly disparaged LT Game International and its products and has tortiously interfered with LT Game International's business activities, dealings, and contracts with customers. *Id.* The Complaint further alleges that Defendant has made misrepresentations about LT Game International and its products at international trade shows and to customers in the casino and gaming industry around the world and in Las Vegas, Nevada. *Id.*

On July 31, 2012, Defendant filed a motion to dismiss the Complaint alleging, among other things, that LT Game International was not authorized to do business in Nevada, and thus could not maintain any action in this state. *See* Motion to Dismiss, Dkt. 11. On August 17, 2012, LT Game International filed its First Amended Complaint to include information related

2

to LT Game International's registration to do business in Nevada and to include additional factual allegations. *See* First Amended Complaint, Dkt. 14. Despite amending the Complaint to address LT Game International's ability to maintain an action, Defendant filed a motion to dismiss the First Amended Complaint arguing that LT Game International failed to assert a claim upon which relief could be granted. *See* Motion to Dismiss First Amended Complaint, Dkt. 17. Defendant's motion has not yet been adjudicated.

On November 20, 2012, LT Game International served Defendant with its first set of requests for production of documents. On December 20, 2012, Defendant served responses thereto, all of which asserted the following objection:

> This request is further overly broad and unduly burdensome as it necessarily includes requests for documents relating to jurisdictions where the [sic] LT Game has not done business, has not been legally able to do business or has not contemplated conducting business, all of which are non-discoverable and irrelevant to this matter. In addition, LT Game International Ltd., Plaintiff in this action, was not incorporated and did not exist until January 27, 2011.

*See* Responses to Plaintiff LT Game International Ltd.'s First Set of Requests for Production of Documents ("Discovery Responses"), a true and correct copy of which is attached hereto as **Exhibit 2**. Accordingly, Defendant has refused to turn over certain documents on the basis that LT Game International was not incorporated until January 27, 2011 and was not authorized to conduct business abroad.

Rather than engage in prolonged motion practice related to Defendant's objections, LT Game International seeks to add LT Game Canada as a plaintiff in order to satisfy Defendant's objections.[1] LT Game Canada was formed in Canada in 2008 and is a wholly owned subsidiary of the parent company, LT Game, Ltd., based out of Hong Kong. LT Game Canada was

---

[1] By adding LT Game Canada, LT Game International does not concede that Defendant's objections are valid; however, LT Game International would like to proceed with discovery in an expeditious manner and believes amending its complaint is the quickest alternative to engaging in lengthy meets and confers and motion practice over Defendant's objections.

Moreover, in the event Defendant asserts similar objections that LT Game Canada is not the proper entity, those objections should be dismissed. LT Game Canada, as a wholly owned subsidiary of Hong Kong-based LT Game, Ltd., has been damaged by Defendant's conduct as alleged in the Second Amended Complaint.

3

formed for the purpose of conducting and managing the parent company's international sales and marketing activities. Like LT Game International, LT Game Canada is a direct and intended beneficiary of the contracts and business dealings of LT Game. The damages to the LT Game brand inflicted by Defendant's unlawful actions have been suffered by both LT Game International and LT Game Canada.

LT Game International further seeks to add LT Game Canada, formed in 2008, as a plaintiff in this matter to resolve any objection by Defendant regarding the production of documents dated prior to LT Game International's formation in 2011.[2] Moreover, LT Game Canada engages in business activities throughout the world related to the full scope of the LT Game brand, while LT Game International is the exclusive North American licensee of LT Game's Live Multi-Table System. Thus, the inclusion of LT Game Canada eliminates Defendant's objections to discovery related to time, geography, and the scope of the propounding party's business.

LT Game International's investigation into the facts of this matter, which began prior to the inception of this lawsuit and has been ongoing, has involved documents and individuals located in other countries.[3] Many of the relevant documents, including Macau court orders and employee notes, were required to be translated from Chinese and Portuguese to English, which required significant time and expense. In addition, some of the individuals with relevant information do not speak English as a first language, resulting in a delay in communications.

While LT Game International investigated the factual allegations in order to draft the original Complaint (Dkt. 1) and the First Amended Complaint (Dkt. 14) in good faith, the ongoing investigation has led to the discovery of further relevant information that has been included in the draft Second Amended Complaint. Adding additional parties and factual

---

[2] LT Game Canada registered with the Nevada Secretary of State on or about September 24, 2012, after the filing of the First Amended Complaint.

[3] Defendant has asserted that the First Amended Complaint does not contain sufficient factual allegations. While they firmly disagree, LT Game International and LT Game Canada have included additional factual allegations that have been gathered since the filing of the First Amended Complaint.

4

allegations in a second amended complaint is LT Game International's right under Rule 15 and this Court's Scheduling Order. *See* FRCP 15(a); *see also* Scheduling Order, Dkt. 23 (granting LT Game International's Individual Proposed Discovery Plan and Scheduling Order); LT Game International's Individual Proposed Discovery Plan and Scheduling Order, Dkt. 20 (setting the last day to file a motion to amend the pleadings or add parties on January 31, 2013). This is true where there has been no undue delay, LT Game International and LT Game Canada have always acted in good faith, Defendant will not be prejudiced by the amendment and the amendment is not futile. Accordingly, LT Game International requests leave to amend its First Amended Complaint in order to include LT Game Canada as a plaintiff and to include additional factual allegations.

## II. LEGAL ARGUMENT

### A. LT Game International's Request for Leave to File a Second Amended Complaint is Proper and Will Not Prejudice Defendant.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." As a general principle, leave to amend should be granted with "extreme liberality." *Sequoia Elec., LLC v. Trustees of Laborers Joint Trust Fund*, 2013 WL 321661 at 3 (D.Nev. Jan. 28, 2013) (Dawson K.); *see also Morgan v. City of Henderson Detention Center*, 2012 WL 2884889 at 2 (D.Nev. July 13, 2012) (Navarro G.); *DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 186 (9th Cir. 1987)(the "policy of favoring amendments to pleadings should be applied with extreme liberality")(internal citations omitted). The party opposing the amendment bears the burden of showing why the amendment should not be granted. *Wright v. Incline Village General Imp. Dist.*, 597 F. Supp. 2d 1191, 1210 (D. Nev. 2009). "Where underlying facts or circumstances of a case may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claims on the merits." *Id.*

All four factors commonly used to determine the propriety of a motion for leave to amend – bad faith, undue delay, prejudice to the opposing party, and futility of amendment – weigh in favor of granting leave in this case. *DCD Programs, Ltd.*, 833 F.2d at 186.

### 1. LT Game International's request to file a Second Amended Complaint is made in good faith.

There is no evidence to suggest that LT Game International is seeking to file the Second Amended Complaint with an improper motive. In cases where leave to amend has been denied, courts have found identifiable grounds of bad faith, such as seeking to add a defendant "to destroy diversity and to destroy the jurisdiction of this court." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 806 (9th Cir. 1987). Here, LT Game International's request seeks to resolve the objections Defendant raised to LT Game International's discovery requests and seeks to preserve judicial economy rather than engage in dilatory tactics.

Additionally, there is no evidence that LT Game International is acting in bad faith with respect to the additional factual allegations contained in the draft Second Amended Complaint. In the course of its ongoing investigation, LT Game International has learned additional facts and/or clarification of facts regarding Defendant's actions. These facts have been included in the Second Amended Complaint. In fact, Defendant has argued that the original Complaint and the First Amended Complaint contained insufficient specific allegations. Now, LT Game International seeks to put forth the additional allegations it has discovered since the First Amended Complaint was filed. LT Game International has always acted in good faith, and it should be granted leave to file the Second Amended Complaint.

### 2. LT Game International has not unduly delayed seeking leave to amend.

The deadline by which LT Game International is required to file a motion to amend pleadings or add parties is January 31, 2013. Defendant served LT Game International with Defendant's Discovery Responses on December 20, 2012. After considering the objections raised by Defendant, LT Game International believes it is best to amend its First Amended Complaint and add LT Game Canada as a party. There has been no undue delay. Moreover, undue delay alone cannot justify the denial of a motion for leave to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

As previously stated, LT Game International's investigation into this matter is ongoing and involved significant obstacles related to third-party witnesses and language barriers and

translations. In addition, while LT Game Canada was formed in 2008, it was not registered to do business in Nevada until late September of 2012. The deadline to amend pleadings and add parties has not yet passed; thus, LT Game International respectfully asserts that this Court should allow LT Game International to amend to insert the facts learned since the First Amended Complaint was filed and to add LT Game Canada as a party.

### 3. Defendant will not be prejudiced if leave to amend is granted.

Preliminarily, limited discovery has taken place in this case. The parties have been negotiating and formulating a protective order to protect confidential information and documents. The parties finalized the protective order and submitted the same to the Court on January 16, 2013, and the Magistrate Judge signed and entered the Stipulated Protective Order on January 24, 2013. *See* Protective Order, Dkt. 32. Accordingly, the parties are in the infancy of discovery in this case. Moreover, as the current scheduling order stands, discovery closes on May 1, 2013. Thus, Defendant will not be prejudiced by allowing LT Game International to file its Second Amended Complaint at this relatively early stage.

In addition, "where a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment." *Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1493 (9th Cir.1987), *vacated on other grounds by* 485 U.S. 931 (1988). At all times, Defendant was aware that this case involved misrepresentations and other acts Defendant committed at international trade shows in Macau in May 2012 and at other times in Australia and Las Vegas, Nevada. *See* First Amended Complaint, Dkt. 14. Therefore, Defendant has been on notice of the facts that will be asserted in the Second Amended Complaint.

Finally, Defendant has asserted that the original Complaint and the First Amended Complaint were deficient with respect to specific factual allegations. While LT Game International disagrees with this assertion, the amendment will address Defendant's argument. Defendant will not be prejudiced by the amendment with respect to the additional factual allegations or the addition of LT Game Canada as a party.

      **4.     Amendment will not be futile because the Second Amended Complaint, in addition to adding additional factual allegations, adds as a plaintiff the entity, formed in 2008, charged with conducting and managing LT Game's international sales and marketing activities.**

There is nothing to suggest at this stage that amending LT Game International's First Amended Complaint would be futile. Leave to amend should be granted "unless it appears ***beyond doubt*** that . . . [the] amended complaint would also be dismissed for failure to state a claim if the [movant] could 'prove no set of facts in support of [their] claim[s] which would entitle [them] to relief.'" *DCD Programs, Ltd.*, 833 F.2d at 188 (emphasis added).

At the January 24, 2013 hearing on Defendant's Motion to Compel Initial Disclosures, the Magistrate Judge intimated that Plaintiff's First Amended Complaint may have been sparse on specific allegations. *See* Transcript of Hearing on Motion to Compel on January 24, 2013 at 17, relevant portions attached hereto as **Exhibit 3**. Since the filing of the First Amended Complaint, LT Game International and LT Game Canada have discovered additional facts and clarified other facts, which have been included in the Second Amended Complaint attached hereto. The addition of LT Game Canada as a plaintiff alleviates Defendant's objections to the scope of discovery requests, and the inclusion of the additional factual allegations resolves Defendant's assertion that the First Amended Complaint is sparse of specific facts.

By way of example, the Second Amended Complaint, among other allegations, sets forth the threats made by Defendant's representatives, including its senior vice presidents, related to LT Game International and LT Game Canada's intellectual property rights from 2009 through 2011. *See* Second Amended Complaint (Exhibit 1) at ¶ 12. In addition, the Second Amended Complaint states that Defendant has already been found guilty of deliberate patent rights violations by the criminal courts in Macau. *See id.* at ¶ 14. The amended pleading also provides more details about Defendant's unlawful actions at the 2012 Global Gaming Expo Asia in Macau in May of 2012 to the American Gaming Association, G2E Asia Reed Exhibitions, and potential customers of the LT Game brand. *See id.* at ¶¶ 15-23. The Second Amended Complaint also describes the negative impact of Defendant's action on prospective deals with Genting Malaysia Berhad, Las Vegas Sands Corporation, The Venetian Casino

Hotel, & Resort, Commerce Casino, and other companies in Australia and elsewere. *See id.* at ¶¶ 24-31

LT Game International's amended pleading, therefore, sets forth a valid claims against Defendant. Accordingly, LT Game International, along with LT Game Canada, should be afforded the opportunity to have their case heard on the merits.

**B.    Pursuant to Fed. R. Civ. P. 20(a), LT Game Canada Should be Added as a Party.**

LT Game International should be permitted to add LT Game Canada as a plaintiff in order to promote judicial economy, prevent the need for multiple lawsuits, and to address Defendant's discovery-related objections.

Fed. R. Civ. P. 20(a) states:

Persons may join in one action as plaintiffs if:

>   (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B)   any question of law or fact common to all plaintiffs will arise in the action.

*See* FRCP 20(a).

The permissive joinder rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir.1997). The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). "The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ('any question of law or fact common to...'). The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." *Johnson v. Shaffer,* No. 2:12-cv-1059 KJM AC P, 2013 WL140115 (E.D. Cal. Jan. 10, 2013) (citing *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974)).

Here, the issues of law and fact are the same with respect to LT Game International and LT Game Canada. Both have been damaged by Defendant's actions as set forth in the Second Amended Complaint. Defendant's international campaign of unfair competition through the use of threats and false representations is part of the same series of occurrences at issue in this case. The factual allegations and questions are clearly common to LT Game International and LT Game Canada. Therefore, LT Game International should be permitted to file the Second Amended Complaint adding LT Game Canada as a party.

### III. CONCLUSION

Based upon the foregoing, LT Game International respectfully requests that the Court grant it leave to file the attached Second Amended Complaint.

RESPECTFULLY SUBMITTED this 31st day of January, 2013.

MEREDITH & KEYHANI, PLLC

By: /s/ Darius Keyhani
DARIUSH KEYHANI (DK9673)
(pro hac vice)
330 Madison Avenue, 6th Floor
New York, New York 10017

ANDREW P. GORDON, ESQ.
Nevada Bar No. 3421
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
JOSEPH P. SCHRAGE, ESQ.
Nevada Bar No. 11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, NV 89102

*Attorneys for Plaintiff LT Game International Ltd.*

LVDOCS-#270792

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 31st day of January, 2013, a true and correct copy of the foregoing **LT GAME INTERNATIONAL LTD.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Della Sampson
An employee of McDonald Carano Wilson LLP