UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHUFFLE MASTER, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01216-GMN- <br><br> **ORDER** <br><br> **Motions for Issuance of Letters Rogatory - #47-49** |

      This matter comes before the Court on Plaintiff LT Game International Ltd.'s ("Plaintiff") Application for Letter of Request for the Examination of Witness in Macau (#47), filed on May 8, 2013; Application for International Judicial Assistance (#48), filed on May 9, 2013; and Application for Letter of Request for the Examination of Witness in Singapore (#49), filed on May 9, 2013.

      Plaintiff's First Amended Complaint (#14) alleges that Plaintiff markets and sells gaming and casino products and services to the gaming and casino industry. *See Compl., Doc. #14* at ¶9. Plaintiff's business is focused on North America, but Plaintiff also promotes, markets, and sells its products and services internationally. *Id.* at ¶10. Plaintiff avers that Defendant is a direct competitor of Plaintiff in the international gaming and casino products industry. *Id.* at ¶11.

      The Complaint (#14) alleges causes of action for unfair competition in violation of the Lanham Act, Nevada common law, and the Macau Commercial Code. Plaintiff seeks injunctive relief against Defendant and the recovery of damages, including recovery of Defendant's profits derived from its allegedly unlawful activity, treble damages, and statutory damages under the Lanham Act.

Plaintiff requests in its first Application (#47) the issuance of a letter rogatory to the appropriate judicial authority in Macau to obtain testimonial evidence from non-party witness Andrew W. Scott.  Plaintiff also requests in its second Application (#48) the issuance of letters rogatory to the appropriate judicial authority in Malaysia to obtain testimonial evidence from non-party witnesses Chang Kok Leong, Ong Beng Wee, and Aaron Chia Khong Child.  Plaintiff further requests in its third Application (#49) the issuance of a letter of rogatory to the appropriate judicial authority in Singapore to obtain testimonial evidence from non-party witness Ah Yoke Wong.

Courts enjoy the inherent authority to issue letters rogatory. *See United States v. Staples, 256 F.2d 290, 292* (9th Cir. 1958).  The authority to issue letters rogatory is also implicit in 28 U.S.C. § 1781.  *Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369 at *3 (N.D. Calif. 2007).  Whether to issue such a letter is a matter of discretion for the court.  *Id.*  A letter rogatory is a written request from a court to a foreign court requesting the production of documents.  *Asis*, 2007 WL 1880369 at *3 (citing *United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971)). When determining whether to issue a letter, courts will not weigh the evidence sought nor predict whether that evidence will actually be obtained.  *Asis*, 2007 WL 1880369 at *3 (citing *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990)).  Rather, a court's decision whether to issue a letter rogatory requires an application of the discovery scope provided by the Federal Rules of Civil Procedure.  *See Evanston Ins. v. OEA, Inc.*, 2006 WL 1652315 at *2 (E.D. Calif. 2006).

Here, the information Plaintiff seeks is reasonably calculated to lead to admissible evidence and is within the scope contemplated by Rule 26(b) of the Federal Rules of Civil Procedure. Plaintiff's first Application (#47) and third Application (#49) for Letters of Request for Examination of Witnesses include proposed Requests for International Judicial Assistance that comply with the requirements of 28 U.S.C. § 1781 and the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Convention").  Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Applications has expired, and no oppositions have been filed.

Plaintiff's second Application (#48), however, does not comply with the requirements of section 1781. Specifically, Plaintiff's proposed Request (#48, Exh. 1) in its second Application (#48) does not include (1) the names and addresses of the parties to the proceedings and their representatives, if any; and (2) any requirement that the evidence is to be given under oath or affirmation, and any special form to be used. *See Convention, Article 3, §§ b, h*. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Issuance of Letters Rogatory re: Examination of Witness in Macau (#47) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Letters Rogatory re: International Judicial Assistance (#48) is **denied** without prejudice. Plaintiff shall have 14 days from the date of this Order in which to file a revised application that corrects the deficiencies noted in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Letters Rogatory re: Request for the Examination of Witness in Singapore (#49) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's proposed Request for International Judicial Assistance (#47, Exh. 1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's proposed Request for International Judicial Assistance (#49, Exh. 1).

DATED this 11th day of June, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge