James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Christopher R. Miltenberger, Esq., Bar No. 10153
CRM@pisanellibice.com
Eric T. Aldrian, Esq., Bar No. 11897
ETA@pisanellibice.com
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

*Attorneys for SHFL entertainment, Inc.,*
*f/k/a Shuffle Master, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>SHUFFLE MASTER, INC.,<br><br>　　　　　Defendant. | Case No.: 2:12-cv-01216-JAD-GWF<br><br>**OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF LT GAME INTERNATIONAL LTD.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

　　　　Pursuant to Federal Rule of Civil Procedure 56(c)(2), Defendant SHFL entertainment, Inc. f/k/a Shuffle Master, Inc. ("SHFL") hereby objects to and moves to strike the below-referenced exhibits and documents that were submitted by Plaintiff LT Game International Ltd. ("LT Game International") either as part of its Appendix to LT Game International's Opposition to Motion for Summary Judgment (the "Appendix") or filed separately, as follows:

　　　　1.　　SHFL objects to Exhibit No. 2 of the Appendix, Howard Stutz, *Macau Gaming Revenues Growing in 2012, Hit Record $38 Billion*, Las Vegas Review Journal, http://www.reviewjournal.com/ business/casinosgaming/macau-gaming-revenues-grow-2012-hit-record-38-billion because: (1) it lacks foundation; and (2) it contains inadmissible hearsay. *Litt v. Clark Cnty., Nev.*, 2:08-CV-01794-MMD, 2013 WL 3107757 (D. Nev. June 18, 2013) ("To be

PISANELLI BICE PLLC
3883 HOWARD HUGHES PARKWAY, SUITE 800
LAS VEGAS, NEVADA 89169

admissible, proper foundation must be laid and documents must be authenticated.") (citing *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)); Fed. R. Evid. 801 (defining hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). Moreover, SHFL objects to Exhibit No. 2 of the Appendix to the extent LT Game International seeks to offer the contents of the news article evidence in this case. *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (explaining that although a court may take judicial notice of news article as evidence of "what was in the public realm at the time," it may not do so as evidence that "the contents of th[e] articles [a]re in fact true.").

    2.    SHFL objects to Exhibit No. 4 of the Appendix, Frank Feng Deposition Transcript, Vol. I, because: (1) it lacks foundation; (2) it is not based upon personal knowledge; and (3) it contains inadmissible hearsay. Mr. Feng testified during his deposition that he "personally ha[s] never witnessed anyone from Shuffle Master saying anything disparaging about LT Game International or any of its products that it markets." (Ex. G to Mot. for Summary Judgment (Dkt. #80), Feng Dep., Vol. I, 137:2-138:2 ("No, I don't hear directly for myself.").) Thus, Feng lacks the competence and personal knowledge to provide testimony regarding purported conversations between SHFL representatives and non-parties to this litigation. *Litt,* 2013 WL 3107757, at *2; *Beyene,* 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey v. City of Reno,* 3:04-CV-00637-BES-PAL, 2008 WL 821585, at n.2 (D. Nev. Mar. 27, 2008) ("double hearsay cannot be considered on a motion for summary judgment"); *Hill v. The Boeing Co.,* 765 F. Supp. 2d 1208, 1212 (C.D. Cal. 2011) ("'[p]ersonal knowledge' means knowledge of a fact perceived by the senses, by one who has had an opportunity to observe, and must have actually observed the fact.").

    3.    SHFL objects to Exhibit No. 6 of the Appendix, Jay Chun Deposition Transcript, because: (1) it lacks foundation; (2) it is not based upon personal knowledge; and (3) it contains inadmissible hearsay. *Litt,* 2013 WL 3107757, at *2; *Beyene,* 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey,* 2008 WL 821585, at n.2; *Hill,* 765 F. Supp. 2d at 1212.

4.  SHFL objects to Exhibit No. 9 of the Appendix, Frank Feng Deposition Transcript, Vol. II, because: (1) it lacks foundation; (2) it is not based upon personal knowledge; and (3) it contains inadmissible hearsay. *Litt,* 2013 WL 3107757, at *2; *Beyene,* 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey,* 2008 WL 821585, at n.2; *Hill,* 765 F. Supp. 2d at 1212.

5.  SHFL objects to Exhibit No. 10 of the Appendix, Dennis M. Giuffre Deposition Transcript, because (1) an expert may not merely assume and "regurgitate" alleged facts from the complaint as purported evidence of liability; (2) it lacks foundation; and (3) it contains inadmissible hearsay. *In re Trasylol Prods. Liability Litigation,* 709 F. Supp. 2d 1323, 1346 (S.D. Fla. 2010) (refusing to consider proffered expert that merely "regurgitates" facts and then reaches conclusory opinions assumes the role of advocate and invades the province of the trier of fact); *Wells Fargo Bank, N.A. v. LaSalle Bank Nat. Ass'n,* 3:07-CV-449, 2009 WL 2448471 (S.D. Ohio Aug. 10, 2009) ("Certainly, Mr. Owen's deposition testimony in which he merely repeats allegations made in the pleadings is not admissible either as lay or expert testimony"); *Litt,* 2013 WL 3107757, at *2; *Beyene,* 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey,* 2008 WL 821585, at n.2; *Hill,* 765 F. Supp. 2d at 1212.

6.  SHFL objects to the Declaration of Linyi Feng In Support Of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. #89 and #97) because: (1) it lacks foundation; (2) it is not based upon personal knowledge; and (3) it contains inadmissible hearsay. Again, Mr. Feng testified during his deposition that he "personally ha[s] never witnessed anyone from Shuffle Master saying anything disparaging about LT Game International or any of its products that it markets." (Ex. G to Mot. for Summary Judgment (Dkt. #80), Feng Dep., Vol. I, 137:2-138:2.) Thus, Feng lacks the competence and personal knowledge to provide testimony regarding purported conversations between SHFL representatives and non-parties to this litigation. *Litt,* 2013 WL 3107757, at *2; *Beyene,* 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey,* 2008 WL 821585, at n.2; *Hill,* 765 F. Supp. 2d at 1212; *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated."); Fed. R. Civ. P. 56(c)(2).

7. SHFL objects to the Declaration of Pedro Cortes In Support Of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. #90) because: (1) it lacks foundation; (2) it is not based upon personal knowledge; and (3) it contains inadmissible hearsay. *Litt*, 2013 WL 3107757, at *2; *Beyene*, 854 F.2d at 1181; Fed. R. Evid. 801 (defining hearsay); *Lucey*, 2008 WL 821585, at n.2; *Hill*, 765 F. Supp. 2d at 1212; Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated."); Fed. R. Civ. P. 56(c)(2).

8. Moreover, SHFL objects to the Declaration of Pedro Corte In Support Of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. #90) because LT Game International never disclosed Mr. Cortes as a witness in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(i), or as an expert in Macau law in accordance with Federal Rule of Civil Procedure 26(a)(2). Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial"); *Glenwood Sys., LLC v. Thirugnanam*, CV 10-8910 CAS AJWX, 2012 WL 1865453 (C.D. Cal. May 21, 2012) (excluding declaration and testimony of witness who was never disclosed as a potential witness in the plaintiff's Rule 26 disclosures); *E. Trading Co. v. Refco, Inc.*, 97 C 6815, 1999 WL 59979 (N.D. Ill. Feb. 2, 1999) ("Under Fed. R.Civ. P. 37(c)(1), a party who fails to disclose an expert witness shall not be allowed to use the expert's testimony at trial.").

DATED this 6th day of January, 2014.

PISANELLI BICE PLLC

By: /s/ Eric Aldrian
James J. Pisanelli, Esq., Bar No. 4027
Christopher R. Miltenberger, Bar No. 10153
Eric T. Aldrian, Esq., Bar No. 11897
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for SHFL entertainment, Inc.*
*f/k/a Shuffle Master, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the ___6___ day of January, 2014, I electronically filed the foregoing **OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF LT GAME INTERNATIONAL LTD.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** using the Court's CM/ECF system which will send notification to the following:

Jacquelyn S. Leleu, Esq
Amanda C. Yen, Esq.
Joseph P. Schrage, Esq.
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
(702) 873-4100

and

Dariush Kayhani (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
(212) 760-0098

Attorneys for Plaintiff LT Game International, Ltd.

_____
An employee of PISANELLI BICE PLLC

5