DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:    212.760.0098
Direct Dial:  646.536.5692
Facsimile:    212.202.3819
Email: dkeyhani@meredithkeyhani.com

JACQUELYN S. LELEU, ESQ.
Nevada Bar No. 7675
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
JOSEPH P. SCHRAGE, ESQ.
Nevada Bar No. 11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1200
Las Vegas, NV 89102
Telephone:    702.873.4100
Facsimile:    702.873.9966
Email: jleleu@mcdonaldcarano.com
       ayen@mcdonaldcarano.com
       jschrage@mcdonaldcarano.com

*Attorneys for Plaintiff LT Game
International Ltd.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SHUFFLE MASTER, INC.,<br><br>Defendant. | CASE NO. 2:12-cv-01216-JAD-GWF<br><br>**LT GAME INTERNATIONAL LTD.'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE** |

The Objections to Evidence Offered in Support of Plaintiff LT Game International Ltd.'s Opposition to Motion for Summary Judgment, Dkt. 102 ("Objections to Evidence") filed by Defendant SHFL entertainment, Inc. f/k/a Shuffle Master, Inc. ("SHFL" or "Defendant") should be disregarded for two reasons. First, Defendant's objections lack the specificity and particularity required for such objections to be entertained by the Court. Defendant fails to identify which portions of the exhibits offered by LT Game International Ltd. ("LT Game" or

"Plaintiff") it deems objectionable and instead makes conclusory objections to entire exhibits, leaving Plaintiff and the Court to figure out what is being objected to and why.  Second, despite Defendant's inappropriate objections, all of Plaintiff's evidence can be considered on a motion for summary judgment.

## I.  DEFENDANT'S BLANKET OBJECTIONS ARE INAPPROPRIATE AND SHOULD BE DISREGARDED

Defendant's objections to entire exhibits without identifying specific statements or explaining how they are objectionable are inappropriate and should be disregarded.  A court need not consider "boilerplate recitations" and "blanket objections [s]ubmitted without analysis applied to specific items of evidence."  *See Doe v. Starbucks, Inc.*, No. 08-0582, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); *Haack v. City of Carson City*, No. 3:11-cv-00353-RAM, 2012 WL 3638767, at *6 (D. Nev. Aug. 22, 2012) (refusing to determine how each of the defendant's exhibits were objectionable when plaintiff failed to assert a specific objection to specific evidence).

Here, nearly all of Defendant's objections to Plaintiff's evidence consist of boilerplate recitations of law and conclusory assertions without any specificity or explanation.  Defendant fails to identify which particular testimony they object to and instead objects to exhibits as a whole.  *See, e.g.,* Objections to Evidence ¶¶ 2-7, dkt. 102.  To illustrate, in paragraph four of its Objections to Evidence, Defendant objects to the Frank Feng Deposition Transcript, Volume II, claiming it lacks foundation, is not based upon personal knowledge, and contains inadmissible hearsay.  *See id.* at ¶ 4.  Defendant does not identify which statements in the 133-page deposition transcript it objects to or provide any argument related to its conclusory objections.  *Id.*  In paragraphs two through seven, Defendant similarly fails to identify specific portions of the testimony it objects to and again carelessly objects to Plaintiff's exhibits in their entirety.  *Id.* at ¶¶ 2-7.  This type of objection is inappropriate as it leaves Plaintiff and the Court with the impossible job of searching through hundreds of pages of testimony in order to guess what Defendant objects to and why.  Accordingly, Defendant's inadequate objections in paragraphs two through seven should be disregarded.

2

## II. ALL OF PLAINTIFF'S EVIDENCE MAY BE CONSIDERED FOR PURPOSES OF SUMMARY JUDGMENT

Plaintiff's evidence – all of it – is evidence that can be considered on a motion for summary judgment. Contrary to Defendant's position, Plaintiff has demonstrated how its evidence can be presented in an admissible form at trial, and that is all the law requires.

### A. Hearsay May be Considered on a Motion for Summary Judgment

Defendant misinterprets the law regarding whether a court can consider inadmissible hearsay on a motion for summary judgment. In 2010, Rule 56(c)(2) of the Federal Rules of Civil Procedure was amended. This amendment made the procedure for reviewing evidence on a motion for summary judgment more liberal. *See Foreword Magazine, Inc. v. Overdrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *1 (W.D. Mich. Oct. 31, 2011). Under the amended Rule 56(c)(2), hearsay evidence may be considered on a motion for summary judgment so long as the proponent can explain how it can be introduced in an admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2) advisory committee notes 2010 amendment ("[t]he burden is on the proponent to show that the material is admissible as presented ***or to explain the admissible form that is anticipated.***") (emphasis added). The 2010 amendment to Rule 56 has been described as working "a sea change in summary judgment procedure." *See Foreword Magazine*, 2011 WL 5169384, at *1. Moreover, this change was designed to render the procedures for summary judgment "more consistent with those already used in many courts." *See Mitchell v. Zia Park, LLC*, 842 F.Supp.2d 1316, 1320 (D.N.M. 2012).

In the Ninth Circuit, the 2010 amendment was a reflection of already existing precedent. The 2003 case *Fraser v. Goodale*, recognized that ***"[e]vidence is admissible for summary judgment purposes if it could be presented 'in an admissible form at trial.'"*** *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) (citing *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3rd. Cir. 1990) (emphasis added)). As noted in Plaintiff's Opposition to Motion for Summary Judgment ("Opposition"), the Ninth Circuit adopted the Third Circuit Court of Appeals' approach to considering hearsay at the summary judgment stage, where the court considered hearsay in a buyer's affidavit because the out-of-court declarant, a member of

the buyer's sales force, could later present the evidence through direct testimony at trial. *See* Opposition (Dkt. 86) at 20:23-21:9. *See also J.F. Feeser*, 909 F.2d at 1524. Similarly, Nevada and other districts in this Circuit interpret *Fraser* as allowing a court to consider hearsay on a motion for summary judgment. *See ISG Insolvency Group, Inc. v. Meritage,* No. 2:11–cv–01364–PMP–CWH, 2013 WL 3043681, at *3-4 (D. Nev. June 17, 2013) (allowing hearsay to be considered because employees with personal knowledge could testify at trial); *O'Connor v. Starbucks Co.*, No. C 06-3706 VRW, 2008 WL 2761586, at *6 (N.D. Cal. July 14, 2008); *Cutrona v. Sun Health Corp.*, No. CV 06-2184-PHX-MHM, 2008 WL 4467101, at *7 (D. Ariz. Sept. 30 2008) (***"hearsay is admissible if there is any way to present it in an admissible form at trial"***) (emphasis added). This approach is also consistent with the United States Supreme Court's direction that a party opposing summary judgment need not depose its own witnesses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**B.     This Court May Consider Plaintiff's Evidence Because Plaintiff has Demonstrated the Admissible Form Anticipated at Trial**

Here, all of Plaintiff's evidence of out-of-court statements can be considered, as Plaintiff has demonstrated how the statements will be introduced at trial through the direct testimony of the declarants. *See* Opposition at 21:10-21, dkt. 86. The Chief Judge of the Northern District of California addressed this precise issue in *O'Connor v. Starbucks*. *See O'Connor,* 2008 WL 2761586, at *6. There, the plaintiff's testimony included statements made to him by an employee of a laundry service. *See id.* The defendant argued that the statements were hearsay, and thus inadmissible. *Id.* The court disagreed, explaining that: ***". . . even if Plaintiff's testimony includes inadmissible hearsay, it may be reduced to an admissible form at trial by having the declarant present evidence through direct testimony."*** *Id.* (emphasis added). The court went on to explain that ***"presuming that the declarant is identifiable, the court need not refuse to consider these statements on the basis that they are hearsay."*** *Id.* (emphasis added). Because the plaintiff had identified the declarant as Justin, an employee of the laundry service, the court held that the hearsay statements could be considered. *See id.*

4

As in *O'Connor*, Plaintiff has demonstrated exactly how the hearsay statements at issue can be introduced at trial by identifying each declarant who made the statements. During the course of discovery, Defendant became aware of these witnesses. Through Plaintiff's Rule 26(a)(1) disclosures and the deposition testimony of Mr. Feng, Defendant had [redacted]

---

1 [redacted]



█████████████████████████████████████

In light of the 2010 amendments to the Federal Rules of Civil Procedure and the precedent in this Circuit, Defendant's reliance on a 2008 district court case, *Lucey v. City of Reno*, 3:04-CV-00637-BES-PAL, 2008 WL 821585 (D. Nev. Mar. 27, 2008), for the proposition that hearsay cannot be considered on a motion for summary judgment is misplaced. The Ninth Circuit does not follow Defendant's proposed interpretation of the law, and *Lucey* is factually inapposite to the present case. In its Motion for Summary Judgment, Defendant cites to a footnote in *Lucey*, with no discussion, that cites to a footnote in a 1991 case that has not been cited again for that proposition since 1995. *See* Defendant's Motion for Summary Judgment (Dkt. 80) at 20:25-27*; Lucey*, 2008 WL 821585, at n.2 (citing *Winklet v. National Union Fire Ins.*, 930 F.2d 1364, 1367 n.4 (9th Cir. 1991)). Nevertheless, the facts are distinguishable from the instant case. There was no indication or evidence presented that the hearsay statements in *Lucey* could be directly obtained from a witness at trial. *See Lucey*, 2008 WL 821585, at *14. Because Plaintiff has sufficiently explained how the declarant's testimony at issue can be introduced at trial through direct testimony, Defendant's objection is unavailing.

**C.** ████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6

### D. The Expert Opinions of Dr. Meister and Mr. Giuffré are Proper

In Paragraph five of their Objections to Evidence, Defendant objects to the Deposition Transcript of Dennis M. Giuffré, asserting that he "regurgitate[s] alleged facts from the complaint as purported evidence of liability." *See* Objections to Evidence at ¶ 5. Contrary to Defendant's assertion, neither Dr. Meister nor Mr. Giuffré is being proffered as an expert on liability. It is not inappropriate for an expert to reference the pleadings or other information for background information. *See* Fed. R. Evid. 703; *City Parkway V, Inc. v. Union Pac. R. Co*., 911 F.Supp.2d 1022, 1034 (D. Nev. 2012). Under Federal Rule of Evidence 703, an expert may rely on hearsay or other inadmissible evidence so long as his opinion is based on facts or data upon which experts in the field reasonable rely. *See id*. It is important to note that Defendant has not presented any *Daubert* challenge to Dr. Meister or Mr. Giuffré's testimony.

In the case of Dr. Meister, an expert of economics in the gaming community, his qualitative conclusions are limited to reputational damages and whether the type of reputational damage suffered by LT Game would lead to the loss or compromise of deals and prospective deals. Dr. Meister's opinions and conclusions are based on economic consequences, on the assumption of a finding of liability based on at least some of the allegations in the pleadings being true. These assumptions made by Dr. Meister as an expert in his capacity are perfectly acceptable. Similarly, in the case of Mr. Giuffré, his opinions are based on a quantitative

analysis of the damages that would flow if Defendant was found to be liable. He does not opine as to whether or not Defendant is liable. Mr. Giuffré's expert opinions include, *inter alia*, an independent analysis of facts and information, including the opinions of Dr. Meister.

Defendant also argues that the deposition testimony lacks foundation and contains inadmissible hearsay, and yet provides no specificity as to how the testimony lacks foundation or which statements contain hearsay. *See* Objections to Evidence at ¶ 5. As discussed in the preceding section, inadmissible hearsay can be considered on a motion for summary judgment. Dr. Meister and Mr. Giuffré can rely on any information, including hearsay, in forming their expert opinions, and they can provide direct testimony at trial regarding their expert opinions and the bases for those opinions, thereby curing any alleged lack of foundation.

### E. LT Game International had No Obligation to Disclose Pedro Cortés as a Witness

In Paragraph eight of their Objections to Evidence, Defendant objects to the declaration of Pedro Cortés, arguing that he was never disclosed as a witness in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(i) or an expert in Macau law in accordance with Federal Rule of Civil Procedure 26(a)(2). *See* Objections to Evidence at ¶ 8. Defendant further argues that Mr. Cortés' declaration lacks foundation, is not based upon personal knowledge, and contains hearsay. *See id.* at ¶ 7. Defendant's reasoning is wholly misguided.

Under Rule 26(a)(1)(A)(i), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ***that the disclosing party may use to support its claims or defenses*** . . . ." *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Mr. Cortés was not disclosed because he simply was not contemplated as a witness. His testimony is solely in response to Defendant's unanticipated and unsubstantiated claim that Plaintiff made misrepresentations to the Court regarding the criminal and civil actions for patent infringement brought against Defendant in Macau. Moreover, Mr. Cortés has first-hand knowledge of the patent infringement proceedings in Macau in which Defendant was a party. *See* Declaration of Pedro Cortés, in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Cortés Declaration")

(Dkt. 90) at ¶ 2.  Plaintiff has provided a certified translation of the court order, and Defendant has provided no alternative translation.  Cortes Declaration at ¶ 5.  Plaintiff clearly has the right to reply to Defendant's allegations with testimony from Mr. Cortés.

### III. MR. FENG'S DECLARATION IS ENTIRELY CONSISTENT WITH HIS PRIOR TESTIMONY

Defendant's assertion that Mr. Feng's declaration is a sham is without merit.  The sham affidavit rule is narrow and may be invoked only if a district court makes "a factual determination that the contradiction was actually a sham" and "the inconsistency between a party's deposition testimony and subsequent affidavit . . . [is] clear and unambiguous." *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009).  Accordingly, "the non-moving party is not precluded from elaborating upon or clarifying prior testimony elicited by opposing counsel on deposition . . . ." *See Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995).

Here, Mr. Feng's declaration is entirely consistent with his prior testimony.  Plaintiff maintains an office in Las Vegas and is certified to do business in the state of Nevada.  *See* Feng Tr. Vol. 1 (**Exhibit 2**) at 18:6-9; 68:5-11.

It is Defendant that misrepresents Mr. Feng's prior testimony in support of its own argument.  Defendant's acts of unfair competition have necessitated the involvement of Plaintiff's sublicensee, LT Game International U.S., in Plaintiff's business deals.  Despite LT Game International U.S.'s role as a signatory to Plaintiff's contracts, Plaintiff continues to conduct business in the U.S.  Defendant's argument is self-serving and baseless.

## IV. DEFENDANT'S OBJECTION TO THE ARTICLE CITED IN PLAINTIFF'S OPPOSITION MOTION SHOULD BE DISREGARDED

In paragraph one of their Objections to Evidence, Defendant objects to a Las Vegas Review Journal article: *Macau Gaming Revenues Growing in 2012, Hit Record $38 Billion*. Under Federal Rule of Evidence Rule 201(b)(2), a court may take judicial notice of a fact that is not subject to reasonable dispute if it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). Plaintiff references this article to provide background information on the size of the Macau gaming market. The Court may take judicial notice that Macau is the largest gaming market in the world.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should disregard Defendant's objections.

RESPECTFULLY SUBMITTED this 23rd day of January, 2014.

MEREDITH & KEYHANI, PLLC

By: */s/ Dariush Keyhani*
DARIUSH KEYHANI (DK9673) (*pro hac vice*)
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:     21.2760.0098
Direct Dial:     646.536.5692
Facsimile:     212.202.3819
Email:     dkeyhani@meredithkeyhani.com

JACQUELYN S. LELEU, ESQ. (#7675)
AMANDA C. YEN, ESQ. (#9726)
JOSEPH P. SCHRAGE, ESQ. (#11270)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1200
Las Vegas, NV  89102
Telephone:     702.873.4100
Facsimile:     702.873.9966
Email:     jleleu@mcdonaldcarano.com
             ayen@mcdonaldcarano.com
             jschrage@mcdonaldcarano.com

*Attorneys for Plaintiff LT Game International Ltd.*

LVDOCS-#296469-v1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 23rd day of January, 2014, a true and correct copy of the foregoing **LT GAME INTERNATIONAL LTD.'S RESONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in the captioned case.

*/s/ Kathy Barrett*
An employee of McDonald Carano Wilson LLP