James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Christopher R. Miltenberger, Esq., Bar No. 10153
CRM@pisanellibice.com
Eric T. Aldrian, Esq., Bar No. 11897
ETA@pisanellibice.com
PISANELLI BICE PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

*Attorneys for SHFL entertainment, Inc.,
f/k/a Shuffle Master, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SHUFFLE MASTER, INC., <br><br> Defendant. | Case No.: 2:12-cv-01216-JAD-GWF <br><br> **REPLY IN SUPPORT OF OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF LT GAME INTERNATIONAL LTD.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

    Contrary to Plaintiff LT Game International Ltd.'s ("LT Game International") belief, a party cannot avoid summary judgment through self-serving, contradictory hearsay evidence. Defendant SHFL entertainment, Inc. f/k/a Shuffle Master, Inc.'s ("SHFL") evidentiary objections set forth in its Objections to Evidence Offered in support of Plaintiff LT Game International Ltd.'s Opposition to Motion for Summary Judgment (Dkt. #102) (the "Objection") are clear, unambiguous, and supported by well-settled law. LT Game International has not raised any issues in its Response (Dkt. #108) to overcome the propriety of SHFL's Objection, nor can it.

    To begin, SHFL did not "leav[e] Plaintiff and the Court to figure out what is being objected to and why," as LT Game International claims. SHFL made perfectly clear that it objected to, among other things, each and every instance where LT Game International improperly attempted to present double hearsay testimony "regarding purported conversations

1

between SHFL representatives and non-parties to this litigation." (Dkt. # 102, Obj. at 2:16-18.) This includes the deposition testimony of Linyi "Frank" Feng and Jay Chun, as well as the sham declaration that Feng presented in an effort to create the appearance of a genuine issue of material fact. (*See id.*, 2:11-3:4, 3:16-18.) Because neither Feng nor Chun has personal knowledge and competence to testify about these purported third-party conversations, the Court cannot consider their hearsay-ridden testimony in any form for purposes of summary judgment. *Lucey v. City of Reno*, 3:04-CV-00637-BES-PAL, 2008 WL 821585, at n.2 (D. Nev. Mar. 27, 2008) ("double hearsay cannot be considered on a motion for summary judgment"); *Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002)); *see also* Fed. R. Evid. 801 (defining hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). Nor could it consider this evidence at trial. Fed. R. Evid. 801.

In an effort to circumvent the law, LT Game International cites to the same cases that it relied upon in its Opposition to Motion for Summary Judgment, which say that a party need not present admissible evidence at the summary judgment stage so long as the evidence in question is capable of being presented "in an admissible form at trial." *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Fonseca v. Sysco Food Servs. of Ariz., Inc.* 374 F.3d 840, 846 (9th Cir. 2004). LT Game International also relies upon a foreign, unreported case to support its claim that the 2010 amendments to the Federal Rule of Civil Procedure created a "sea change in summary judgment procedure," allowing inadmissible evidence to be considered on summary judgment. (Dkt. #108, Resp. at 3:10-18.) It goes so far as to assert that since the 2010 amendments there is no precedent in the Ninth Circuit "for the proposition that hearsay cannot be considered on a motion for summary judgment." (*Id.*, 6:4-9.)

In reality, however, federal district courts in the Ninth Circuit have said the exact opposite. *See, e.g, Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1321 (D. N.M. 2012) ("I conclude that the 2010 amendments to Rule 56 effected no more than a ***minor change*** to this circuit's standard for considering evidence on summary judgment.") (emphasis added). In fact, this Court as recently as November 27, 2013, affirmed the long-standing rule that "[a] trial court can only

consider admissible evidence in ruling on a motion for summary judgment." *See Romero v. Nevada Dept. of Corrections*, CV-808-JAD-VCF, 2013 WL 6206705, *3 (D. Nev. Nov. 27, 2013) (citing *Orr*, 285 F.3d at 773-74). Other courts in the District of Nevada have ruled similarly even after the 2010 amendments to the rule. *E.g.*, *Progressive Cas. Ins. Co. v. F.D.I.C.*, 2:12-CV-00665-KJD-PAL, 2012 WL 5418298, *1 (D. Nev. *Nov. 2, 2012*) ("Summary judgment motions can only be defeated by admissible evidence.") (citing *In re: Oracle Corporation Securities Litigation*, 627 F.3d 376, 385 (9th Cir. *2010*)); *Truseal Technologies, Inc. v. Beijing Huali Architecture Decoration Co., Ltd.*, 2:08-CV-1338 JCM-GWF, 2010 WL 3703792, *2 (D. Nev. *Sept. 10, 2010*) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); *Maidman v. Demeo*, 2:12-CV-00474-APG-NJK, 2014 WL 176641, *2 (D. Nev. *Jan. 13, 2014*) (same); *Farace v. Am. Airlines Inc.*, 2:10-CV-00724, 2012 WL 2367572, *4 (D. Nev. *June 21, 2012*) (same); *Breakman v. Koehn*, 3:10-CV-0633-ECR-VPC, 2011 WL 7279120, *1 (D. Nev. *Dec. 8, 2011*) ("Therefore, it is recommended that the defendant's motion for summary judgment be denied for failure to submit admissible evidence."), *report and recommendation adopted*, 3:10-CV-00633-ECR-VPC, 2012 WL 460284 (D. Nev. *Feb. 13, 2012*).

In any case, SHFL disposed of this false distinction in its Reply in Support of Motion for Summary Judgment. (Dkt. #104). That is to say, the hearsay-ridden evidence that LT Game International presented in hopes of avoiding summary judgment can *never* be presented "in an admissible form at trial" because Feng and Chun will *never* be competent to testify as to SHFL's alleged conversations with third parties. LT Game International's Objection ignores this fatal flaw in its argument.

But there is more. In situations such as this where a party claims that certain inadmissible evidence could be presented in an admissible form at trial, and therefore should be considered for purposes of summary judgment, the law requires that the party "explain how the evidence will be admissible when subjected to the rigors of trial." *Mitchell*, 842 F. Supp. 2d at 1321. As one court explained:

> Thus, in response to an objection to summary judgment evidence, *the proponent of the evidence cannot merely assert that they will be able to produce evidence in an admissible form; rather, they must thoroughly explain the admissible form that they will introduce at trial.* Because of the significant impact of summary judgment, it is unfathomable that Rule 56 would allow a court to consider evidence that may not be admissible at trial.

*Id.* (emphasis added); *Sobel v. Hertz Corp.*, 291 F.R.D. 525, 533 (D. Nev. 2013) ("Once challenged, the proponent of the evidence may explain the admissible form that is anticipated.").

LT Game International falls woefully short in this regard. Instead of "thoroughly explain[ing] the admissible form that [it] will introduce at trial," as required, LT Game International simply suggests that certain third-party witnesses "may be available to testify at trial" and, in theory, could testify about these alleged conversations with SHFL. (*See* Dkt. #108, Resp. at 5:11.) Nonsense. Under LT Game International's interpretation of the law, summary judgment could never be granted because the nonmoving party would *always* claim that it is *possible* that it will secure and present evidence at trial even though it failed to do so during discovery. LT Game International is wrong on the law.

In the end, LT Game International has absolutely no admissible evidence to support the allegations in its pleadings. It cannot create the appearance of evidence, and therefore avoid summary judgment, by presenting its own hearsay-ridden testimony about what it believes some unknown employee of SHFL allegedly said to a third party. The law requires much more to avoid summary judgment. SHFL's Objection should be sustained.

DATED this 3rd day of February 2014.

PISANELLI BICE PLLC

By: /s/
James J. Pisanelli, Esq., Bar No. 4027
Christopher R. Miltenberger, Bar No. 10153
Eric T. Aldrian, Esq., Bar No. 11897
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for SHFL entertainment, Inc. f/k/a Shuffle Master, Inc.*

4

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the __3__ day of February 2014, I electronically filed the foregoing **REPLY IN SUPPORT OF OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF LT GAME INTERNATIONAL LTD.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** using the Court's CM/ECF system which will send notification to the following:

Jacquelyn S. Leleu, Esq
Amanda C. Yen, Esq.
Joseph P. Schrage, Esq.
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
(702) 873-4100

and

Dariush Kayhani (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
(212) 760-0098

Attorneys for Plaintiff LT Game International, Ltd.

_____
An employee of PISANELLI BICE PLLC