# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., | |
| Plaintiff, | Case No. 2:12-cv-01216-JAD-GWF |
| vs. | **ORDER** |
| SHUFFLE MASTER, INC., | Motion to File Portions of Plaintiff's Third Amended Complaint Under Seal (#114) |
| Defendant. | |

This matter comes before the Court on Plaintiff LT Game International LTD's Motion to File Portions of Plaintiff's Third Amended Complaint Under Seal (#114), filed on April 10, 2014. Plaintiff subsequently filed its Third Amended Complaint (#115) under seal on April 10, 2014.

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The 9th Circuit has held that the sealing of filings is appropriate to protect the parties' proprietary business operations and trade secrets. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.*

. . .

Here, the Court previously entered a Protective Order (#32) governing the handling of documents and discovery in connection with this action.  The aforementioned protective order was entered pursuant to a stipulation wherein both parties acknowledged the sensitive and confidential nature of certain information related to the subject matter of this action.  Plaintiff indicates that such information includes, but is not limited to, non-public, proprietary data, trade secrets, and commercially sensitive business information, including dealings and contracts with customers and prospective customers.  Both parties stipulated to the highly sensitive and private nature of this information pursuant to the terms of the Protective Order.  The Court therefore finds that Plaintiff establishes good cause to file portions of its Third Amended Complaint under seal.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Portions of Plaintiff's Third Amended Complaint Under Seal (#114) is **granted.**

DATED this 21st day of April, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge