# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LT International Ltd.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Shuffle Master, Inc.,<br><br>　　　　Defendant. | Case No.: 2:12-cv-1216-JAD-GWF<br><br>**Order Denying as Moot Defendant's Motion for Summary Judgment [Doc. 80] and Motion for Hearing [Doc. 107], and Granting Motion to Seal [Doc. 82], and Granting Plaintiff's Motions to Seal [Docs. 93, 109]** |

　　Defendant Shuffle Master, Inc., ("Shuffle Master") previously filed a Motion for Summary Judgment, seeking dismissal on all claims in Plaintiff LT Game International, Inc.'s ("LT Game's") Second Amended Complaint. Doc. 80. Shuffle Master also requested permission to seal portions of its motion. Doc. 82. LT Game responded to the motion, Doc. 86, and then moved to seal portions of its response. Doc. 93. Shuffle Master also filed an objection to some of the evidence Shuffle Master had provided to support its motion for summary judgment, Doc. 102; LT Game filed a response to the objection, Doc. 108, and then moved to seal its response. Doc. 109. Finally, LT Game moved for a hearing on the Motion for Summary Judgment. Doc. 107. Of these five motions, only the motion for summary judgment has been opposed.

After all of these filings were made, LT Game was granted leave to file a Third Amended Complaint. Doc. 112. Shuffle Master has now moved to dismiss the Third Amended Complaint, or alternatively for summary judgment. Doc. 119. Based on the filing of the Third Amended Complaint, the Court finds that Shuffle Master's Motion for Summary Judgment on the Second Amended Complaint must be denied as moot. For the same reason, LT Game's motion for a hearing on that motion for summary judgment must be denied as moot.

As to the parties' various motions to seal, Docs. 82, 93, 109, the Court finds it prudent to reach their merits notwithstanding the fact they all pertain to a motion that has been denied as moot, because they ask the Court to determine whether specific information already filed into the record will ultimately be made part of the public record in this case. The parties previously stipulated to entry of a protective order, Doc. 31, which the Court adopted. Doc. 32. The stipulated protective order defines the terms "Confidential Information" and "Highly Confidential Information – Attorney's Eyes Only." *See* Doc. 32 at 2-3. By agreement, "Confidential Information" is:

> [A]ny data or information that constitutes, reflects, or discloses non-public, trade secrets, know-how, proprietary date, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

Doc. 32 at 2. "Highly Confidential Information – Attorney's Eyes Only" is defined as:

> [A]ny Confidential Information . . . that also includes extremely sensitive, highly confidential, non-public information, including but not limited to, certain business information, business dealings, dealings with customers/prospective customers, research and development, produce development-related ideas, concepts, and information, financial account, and inventory information, which further includes pricing information, forecasts, budgets, customer lists, marketing plans and analyses, whether implemented or not, and other related and/or similar information, the disclosure of which could create a substantial risk of competitive or business injury to the Producing Party.

Doc. 32 at 2-3.

In Doc. 82, Shuffle Master requests leave to seal portions of its Motion for Summary Judgment pertaining to both parties' "non-public, highly confidential information concerning their business operations, structure, and finances." Doc. 82 at 3-4. Similarly, LT Game seeks

1  to seal portions of Doc. 86 and 107 revealing the parties' "non-public, proprietary data, trade
2  secrets, and commercially sensitive business information, including dealings and contracts with
3  customers and prospective customers." Doc. 93 at 4; 109 at 4.

4  The public has a "general right to inspect and copy public records and documents,
5  including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597
6  & n. 7 (1978). But when a party's trade secrets and proprietary business operations are placed
7  at issue, the Court may permit sealing, so long as the requesting party overcomes the "strong
8  presumption" in favor of public access to court documents. *See Kamakana v. City and County
9  of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Based on the language in the parties'
10 stipulated protective order adopted by the Court, Doc. 32, and the reasons articulated in the three
11 motions to seal, Docs. 82, 93, 109, the Court finds good cause and grants all three motions to
12 seal.

13 **Conclusion**

14 It is HEREBY ORDERED that Shuffle Master, Inc.'s Motion for Summary Judgment
15 **[Doc. 80] is DENIED** as moot.

16 It is FURTHER ORDERED that LT Game's Request for Oral Argument on **Doc. 80 is
17 DENIED** as moot.

18 It is FURTHER ORDERED that Shuffle Master's Motion to File Under Seal Portions of
19 Motion for Summary Judgment **[Doc. 82] is GRANTED.**

20 It is FURTHER ORDERED that LT Game's Motion to File Under Seal Portions of LT
21 Game International Ltd.'s Opposition to Defendant's Motion for Summary Judgment **[Doc. 93]
22 is GRANTED.**

23 It is FURTHER ORDERED that LT Game's Motion To File Under Seal Portions of LT
24 Game International Ltd.'s Response to Defendant's Objections to Evidence **[Doc. 109] is
25 GRANTED.**

26 DATED: April 30, 2014

27 _____
28 JENNIFER A. DORSEY
   UNITED STATES DISTRICT JUDGE