DARIUSH KEYHANI (DK9673) (*pro hac vice*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:    212.760.0098
Direct Dial:    646.536.5692
Facsimile:    212.202.3819
Email: dkeyhani@meredithkeyhani.com

JACQUELYN S. LELEU, ESQ.
Nevada Bar No. 7675
AMANDA C. YEN, ESQ.
Nevada Bar No. 9726
JOSEPH P. SCHRAGE, ESQ.
Nevada Bar No.  11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1200
Las Vegas, NV  89102
Telephone:    702.873.4100
Facsimile:    702.873.9966
Email: jleleu@mcdonaldcarano.com
       ayen@mcdonaldcarano.com
       jschrage@mcdonaldcarano.com

*Attorneys for Plaintiff LT Game
International Ltd.*

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHUFFLE MASTER, INC., <br><br> Defendant. | CASE NO.  2:12-cv-01216-JAD-GWF <br><br> **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S EVIDENCE** |

**EVIDENTIARY OBJECTIONS TO DEFENDANT'S REPLY IN CONNECTION WITH ITS MOTION TO DISMISS THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Evidence 201, 401, 602, 802, and 901 plaintiff LT Game International Ltd. (hereinafter "LT Game International" or "Plaintiff") hereby moves to strike and exclude Defendant's Exhibits C-1, D, and paragraphs 6 and 7 of Exhibit C proffered by Defendant in support of its reply in connection with its Motion to Dismiss Third Amended

Complaint or, in the alternative, Motion for Summary Judgment. As set forth in detail below, Exhibits C-1, D, and paragraphs 6 and 7 of Exhibit C should be stricken and excluded.

## I. EXHIBIT C-1

Plaintiff objects to Exhibit C-1 on the grounds that: (1) Defendant's request for judicial notice is inappropriate; (2) it contains impermissible hearsay not within an exception; and (3) it is irrelevant.

### A. The Court should decline to take judicial notice of Exhibit C-1

While a court may take judicial notice of "matters of public record...," it may not take judicial notice of a fact that is "'subject to reasonable dispute.'" *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001)(quoting Fed. R. Evid. 201(b)). A fact not subject to reasonable dispute is one "(1) generally known within the trial court's territorial jurisdiction or; (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When a court takes judicial notice of a public record, "it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity." *Lee,* 250 F.3d at 690 (quotation omitted); *Leber v. Berkley Vacation Resorts, Inc.*, 2:08-CV-01752-PMP-PA, 2009 WL 2252517, *2 (D. Nev. July 27, 2009). Further, a court may not take judicial notice of a disputed fact. *See Lee*, 250 F.3d at 690 (reversing the district court's dismissal of plaintiff's complaint because the court incorrectly took judicial notice of a disputed fact).

Here, Defendant offers Exhibit C-1 as proof of its asserted size of the "relevant industry." The document is not public, as it appears to be derived from a subscription based, private website. Thus, the information contained in Exhibit C-1 is not generally known within the territorial jurisdiction of the trial court. Despite Mark Hultberg's characterization (in a declaration) of the chart as "publicly available," access is only available to subscribers to the *Global Business Directory*. Further, the information is not capable of accurate and ready determination. It is unclear who compiled the information or what data was used in creating the chart. Moreover, judicial notice of this evidence would be inappropriate as the size of the relevant industry is a disputed fact in this case. *See* Expert Report of Alan P. Meister ("Meister

Report") at 5, attached to the Declaration of Alan P. Meister ("Meister Declaration") (Dkt. 98) ("[t]he gaming industry consists of a relatively small community of gaming operators, suppliers, and regulators"); Frank Feng Deposition Transcript, Vol I ("Feng Tr. Vol. I") at 93:20-94:1 attached to Plaintiff's Opposition (Dkt. 128) as Exhibit 1 ("...gaming industry is very small...word[] travels very fast..."). Accordingly, judicial notice of a hearsay proffered document to prove or rebut a fact that is in dispute for the purposes of summary judgment would be inappropriate.

### B. Exhibit C-1 contains inadmissible hearsay not within an exception

Exhibit C-1 is inadmissible hearsay evidence, as the information contained in the chart is an out of court statement, and Defendant is offering the evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801 (defining hearsay), 802. Though inadmissible hearsay may be considered, a party must explain how it could be presented in an admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003); Fed. R. Civ. P. 56(c)(2) advisory committee's notes 2010 amendment. Defendant offers Exhibit C-1 for the truth of the proposition that it represents the "relevant industry." *See* Def. Reply at 5:16-6:4. As the chart represents an out of court statement and is being asserted to prove the size of the relevant industry, it is inadmissible hearsay. Moreover, Defendant makes no attempt to explain how the inadmissible hearsay could be presented in an admissible form at trial. Indeed, it is wholly unclear who even prepared this chart. Accordingly, Exhibit C-1 should be stricken and excluded.

### C. Exhibit C-1 is not relevant

The information contained in Exhibit C-1 is not relevant in proving the relevant industry with respect to Plaintiff's products and services. *See* Fed. R. Evid. 401. In *Coastal Abstract Serv., Inc. v. First American Title Ins. Co.*, the plaintiff characterized its market as "institutions involved in the kind of nationwide refinancing operation conducted by Shearson" and ***not as a refinancing operation generally***. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). This group consisted of two to three potential customers. *See id.* The Court deferred to Coastal's characterization of its industry and asserted that "if

Coastal's view of the market were correct, then a representation could constitute a 'promotion.'" *Id.*

Plaintiff's products and services that are the subject of this case relate to multi game electronic table systems that include sophisticated and proprietary electronic features that operate in association with live dealers. Plaintiff has presented evidence through its gaming industry expert and its president, Frank Feng, that the relevant industry and market for Plaintiff's products and services is very small. *See* Meister Report (Dkt. 98) at 5 ("[t]he gaming industry consists of a relatively small community of gaming operators, suppliers, and regulators"); Feng Tr. Vol. I. 93:20-94:1 ("...gaming industry is very small...word[] travels very fast..."). As in *Coastal*, Plaintiff has provided evidence that the relevant industry and market is not the entire universe of gaming operators that may have a one or more table games, but rather a very small group of gaming operators that have the resources, capacity, and platform to incorporate the type of sophisticated and innovative products and services Plaintiff is offering. *See* Meister Report at 5; Feng Tr. Vol. I. 93:20-94:1. Plaintiff's gaming expert, Dr. Meister, defined the relevant industry and market and provided a list of potential customers in page 7 and exhibit 3 of his report. *See* Meister Report (Dkt. 98) at 7 and Exhibit 3.

These include companies that are international players in the gaming industry with the capacity and resources to operate a large number of electronic gaming tables, among others, they are regular participants at international trade shows, including the G2E Asia, and are members of national and international gaming industry trade organizations. The relevant industry does not constitute and ***is not*** a list of all gaming facilities in the world that happen to have a "table game."

Further, Exhibit C-1 lists gaming properties that have at least one "table game," yet fails to provide any definition or explanation. Although Defendant asserts that the chart in Exhibit C-1 represents "live dealer table games" the chart itself merely references "table games" more broadly. *See* Def. Reply at 5:16-18. Nevertheless, both "table game" and "live dealer table games" could encompass a multitude of games and such an over inclusive pool does not

represent nor serve as evidence to define the relevant industry for Plaintiff's products and services that are the subject of Plaintiff's unfair competition claims.

## II.  EXHIBIT D

Plaintiff objects to Exhibit D on the grounds that it: (1) contains hearsay not within an exception; (2) is not properly authenticated; and (3) is irrelevant.

### A.  Exhibit D should be excluded because it contains inadmissible hearsay

Exhibit D is inadmissible hearsay evidence, as the information contained in the chart represents an out of court statement, and Defendant is offering the evidence to prove the size of the relevant industry. Fed. R. Evid. 801, 802; Def. Mot. 5:14-6:5. As the chart is comprised of inadmissible hearsay not within an exception and Defendant has failed to explain how it can be introduced at trial, Exhibit D should be excluded.

### B.  Exhibit D is not properly authenticated

Plaintiff objects to Exhibit D because it is not properly authenticated. *See* Fed. R. Evid. 901. To satisfy Rule 901, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *See id*. Here, Defendant has not provided any information about Exhibit D other than claiming, in a footnote, "it is publicly available from the Nevada Gaming Control Board." *See* Def. Reply at 6 n. 7. Further, Exhibit D is "highlighted to reflect each unique gaming facility offering at least one table game," yet it is unclear and unexplained how this categorization was made or who determined what constituted a "table game." *See id*.

### C.  Exhibit D is not relevant to the size of the relevant industry

As with Exhibit C-1, Exhibit D should be excluded because it lacks relevance. Fed. R. Evid. 401. Exhibit D is purportedly a "Nonrestricted Count Report" and appears to represent a list of gaming facilities in Nevada. Nevertheless, this chart offered as evidence suffers the same defects as Exhibit C-1, as "table game" is not defined (or even explicitly referenced), making it entirely irrelevant as evidence of the relevant industry for Plaintiff's products and services. Again, Plaintiff's relevant industry and market is limited to a small number of major players in the gaming industry with the capacity and resources to operate a large number of electronic

gaming tables; not all facilities with a "table game." Thus, Exhibit D is not relevant to prove what the relevant industry for Plaintiff's products and services.

### III. EXHIBIT C

Plaintiff objects to paragraphs 6 and 7 of Exhibit C for the following reasons: (1) the statements are not based on personal knowledge; (2) it includes inadmissible hearsay; and (3) the statements are not relevant.

#### A. Paragraphs 6 and 7 of Exhibit C are not based on personal knowledge

Paragraphs 6 and 7 of Exhibit C should be excluded and stricken because they are not based on personal knowledge. *See* Fed. R. Evid. 602. A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *See id.* Here, in paragraph 6 of Exhibit C, Mark Hultberg declares that "[a]s reflected in the chart [Exhibit C-1], there are over 2,300 gaming facilities in the world that offer at least one live dealer table game." *See* Def. Reply at Exhibit C ¶ 6. There is no indication that Hultberg has any personal knowledge of the document he relies on in making his assertion. *See generally* Def. Exhibit C. Similarly, in paragraph 7 Hultberg declares that "there are in excess of 600 separate and distinct corporate or parent operators associated with those gaming facilities." *See id.* Hultberg relies on Exhibit C-1 with the same evidentiary issues discussed above and again does not have personal knowledge of the facts contained within. Defendant's attempt to introduce Exhibit C-1 through the testimony of a non-expert witness with no personal knowledge of the document is inappropriate. Therefore, paragraphs 6 and 7 of Exhibit C should be excluded and stricken.

#### B. Paragraphs 6 and 7 of Exhibit C includes inadmissible hearsay

Mr. Hulzberg's declaration includes out of court statements that are inadmissible hearsay as he is stating and paraphrasing hearsay statements from Exhibit C-1 and Exhibit D. Also, these statements are evidentiary defective for the reasons discussed in section I and II above.

### C. Paragraphs 6 and 7 of Exhibit C are not relevant

Plaintiff objects to the statements contained in paragraphs 6 and 7 of Exhibit C because they lack relevance. *See* Fed. R. Evid. 401. Defendant purports that the number of gaming facilities listed in the chart relied on by Mark Hultberg represents the "relevant industry" at issue. *See* Def. Reply at 5:16-6:4. Plaintiff has presented evidence that the relevant industry is very small and Defendant's hearsay statements relating to the total number of gaming operators in the world that include at least one "table game" does not define the relevant industry at issue here. *See* Meister Report (Dkt. 98) at 5; Feng Tr. Vol. I. 93:20-94:1.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that Exhibit C-1, Exhibit D, and paragraphs 6 and 7 of Exhibit C be excluded and stricken.

RESPECTFULLY SUBMITTED this 10th day of July, 2014.

MEREDITH & KEYHANI, PLLC

By: */s/ Dariush Keyhani*
DARIUSH KEYHANI (DK9673) (*pro hac vice*)
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:      21.2760.0098
Direct Dial:      646.536.5692
Facsimile:      212.202.3819
Email:      dkeyhani@meredithkeyhani.com

JACQUELYN S. LELEU, ESQ. (#7675)
AMANDA C. YEN, ESQ. (#9726)
JOSEPH P. SCHRAGE, ESQ. (#11270)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Ste. 1200
Las Vegas, NV 89102
Telephone:      702.873.4100
Facsimile:      702.873.9966
Email:      jleleu@mcdonaldcarano.com
               ayen@mcdonaldcarano.com
               jschrage@mcdonaldcarano.com

*Attorneys for Plaintiff LT Game International Ltd.*

LVDOCS-#310356

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 10th day of July, 2014, a true and correct copy of the foregoing **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S EVIDENCE** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP