UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LT International Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Shuffle Master, Inc., <br><br> Defendant. | Case No.: 2:12-cv-1216-JAD-GWF <br><br> **Order Overruling Shuffle Master's Objections to Magistrate Judge Foley's Order on Non-Party DEQ's Motion to Quash [Doc. 64]** |

Shuffle Master seeks to enforce a Rule 45 subpoena for testimony and documents that it propounded on DP Stud, the Nevada subsidiary of DEQ Systems, Corp, a Canadian company. DEQ moved to quash the subpoena under Rule 45; Magistrate Judge Foley granted the motion. Shuffle Master objects to Judge Foley's Order; but even assuming that the basis for his ruling was contrary to law or clearly erroneous, Shuffle Master's subpoena was irreparably defective as no witness fee was tendered at the time of service, in violation of Rule 45(b)(1).[1] Thus, Shuffle Master's objections are overruled, and the Magistrate Judge's order is affirmed.

---

[1] Rule 45 was substantially revised in December 2013 after the subpoena in contention was issued. Although the court cites the text of the new rule, any distinctions between the two rules is not relevant for purposes of this order.

**Background**[2]

LT International, Ltd., a Canadian live-table gaming company, is pursuing a series of trade-related violations against one of its alleged business competitors, Shuffle Master, Inc. Doc. 113. In the course of discovery, Shuffle Master served a subpoena on DEQ, a non-party to the case. Docs. 45-1 at 12; 52-1 at 43. Shuffle Master believed that DEQ had ongoing business dealings with LT. *See* Doc. 52-1 at 62. The subpoena commanded DEQ to specify a corporate witness to testify on a number of topics, including (1) "DEQ's formation, organization and operation," and (2) "the relationship through which DEQ markets, distributes, and/or sells LT Game Limited's products or services." *Id.* at 15. The subpoena also commanded DEQ's testifying agent to bring documents related to its claims on the date of the deposition. *Id.* at 17. The subpoena was served in Las Vegas, Nevada, on March 7, 2013, and required DEQ's representative to appear in Las Vegas on May 2, 2013. *Id.* at 12.

Unfortunately for Shuffle Master, DEQ turned out to be a foreign company headquartered in Quebec, Canada; Shuffle Master had actually served its subpoena on DP Stud, DEQ's wholly owned Nevada subsidiary. Doc. 45 at 3.[3] David Pokorny, a DP Stud employee who was not authorized to accept service of process on DEQ, "accepted" the subpoena, requested instructions regarding acceptance from DEQ, and then forwarded the subpoena on to DEQ. *See* Docs. 45-1 at 2; 63 at 17. On May 1, 2013, following a series of conversations between Shuffle and DEQ regarding the enforceability of the subpoena, DEQ moved to quash the subpoena under Rule 45. Doc. 45.

Magistrate Judge Foley heard DEQ's motion on June 10, 2013, and ruled that (1) the subpoena had been served on DP Stud, not DEQ, and thus DEQ had not waived its right to request compliance of a subpoena on a foreign entity in accordance with the Hague Convention; (2) because the subpoena had not been served in the proper manner, DEQ's objection to the subpoena was not untimely; and (3) Pokorny's conduct in accepting the subpoena did not

---

[2] This description is intended only for general background and is not intended as any finding of fact.

[3] DP Stud "provides service installation and training for DEQ's products." *Id.*

constitute a waiver of service for DEQ. Doc. 63 at 16-17. Shuffle Master objected to Judge Foley's order, contending that service was proper. Doc. 64.

**Discussion**

Under 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may be designated "to hear and determine any pretrial matter pending before the court," with some exceptions which are not applicable here.[4] Generally, the district court may then "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[5] Under Civil Procedure Rule 72(a), a party may also object to the Magistrate Judge's determination of such matters by filing objections thereto no later than 14 days after being served with a copy of the order.[6]

Shuffle Master makes a number of arguments why Judge Foley's ruling was contrary to law and clearly erroneous—chief among them, that Pokorny's conduct in "accepting" service effectively waived the additional requirements for serving foreign entities with letters rogatory under the Hague Convention and that, in any event, DEQ did not timely object to the subpoena under Rule 45. *See* Doc. 64. Shuffle Master argues that it would be inequitable to allow DEQ to take actions to purportedly initially "accept" service, and then change its mind. *See id.* at 9-10.

DEQ's failure to file objections within 14 days of issuance of the subpoena, as mandated by Rule 45(d)(2)(B), does not require reversal of Judge Foley's ruling under the circumstances of this case. Trial courts have excused delay in "unusual circumstances and for good cause,"[7] which include those where "counsel for witness and counsel for the subpoenaing party were in contact concerning the witness's compliance prior to the time the witness challenged the legal

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal.2002)

3

basis for the subpoena."[8] In this case, Judge Foley found that Pokorny and DEQ's conduct in "accepting" the subpoena was equivocal; additionally, a series of emails was exchanged between Shuffle Master, DEQ, and DEQ's subsequently hired local counsel in Las Vegas, in which the opposing sides clearly expressed confusion over whether a waiver of service had occurred. *See, e.g.*, Doc. 45-2 at 5-17. The court may excuse technical non-compliance with the objection filing period. Additionally, Rule 45(d)(1) cautions that when a subpoena commands a person's appearance, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[9] The Court has an independent obligation to "enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."[10] By protecting DEQ from having to produce documents and a testifying witness in a location more than 2,000 miles from its place of business and in plain contravention of the Hague Convention[11] and (at least) Rule 45(c)(1)(B), Judge Foley avoided an "undue burden or expense" on DEQ as squarely permitted by Rule 45(d)(1).[12]

Shuffle Master's argument that Pokorny's conduct should be deemed to have waived the subpoena service requirements for DEQ is unpersuasive. As Judge Foley noted, DP Stud is the subsidiary of DEQ. While "[a] corporation must produce documents possessed by a subsidiary

---

[8] *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

[9] Fed. R. Civ. Proc. 45(d)(1).

[10] *Id.*

[11] *See Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters*, 20 U.S.T. 361 (1965).

[12] A person may be commanded to appear to attend a deposition only as follows: (1) within the judicial district of the issuing court; (2) outside the district but within the 100–mile "bulge" from where the person is normally employed or regularly transacts business; or (3) where the person resides, is employed, or regularly transacts business, if the person is the party or the party's officer, and compelling attendance would not incur additional expense. Fed. R. Civ. Proc. 45(c). Additionally a person may be compelled to produce documents in connection with a subpoena if the request does not require the person producing the records to travel more than 100 miles from where the person is employed, regularly transacts business in person; or at the person's business premises themselves. *Id.*

4

that the parent corporation owns or wholly controls,"[13] the reverse is not true, as "[a] subsidiary, by definition, does not control its parent corporation."[14] Accordingly, trial courts have found that where a party propounding a subpoena on a domestic subsidiary of a foreign parent company fails to show that the subsidiary had control of documents held by the parent, a motion to quash a subpoena was properly granted.[15] Here, Judge Foley found that Pokorny's conduct could not alone act to bind DEQ, and statements Pokorny received from DEQ headquarters did not amount to an unequivocal acceptance of service. *See* Doc. 63 at 16-18. The discovery rules are accorded broad and liberal treatment to attain their purpose of adequately informing litigants in civil trials,[16] and that the trial court has "'extensive control' over the discovery process."[17] On review of the record the Court finds that Judge Foley acted well within his discretion in determining that DEQ was not properly served on March 7, 2013. By extension, Shuffle Master's argument that allowing DEQ to "change its mind" and avoid service would be inequitable is irrelevant because service was never waived.

Even assuming *arguendo* Judge Foley's rulings were contrary to law or clearly erroneous on every challenged point, Shuffle Master's subpoena was properly quashed for the separate and independent reason that it was irreparably defective when issued. Shuffle Master commanded a representative of DEQ to appear but failed to "tender[] the fees for 1 day's attendance and the mileage allowed by law," in contravention of Rule 45(b). *See* Doc. 52 at 11.[18] The Ninth Circuit construes the fee-tender requirement rigidly: "[T]he plain meaning of Rule 45[] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law

---

[13] *United States v. International Union of Petroleum and Indust. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

[14] *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005) (citation omitted).

[15] *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, 2013 WL 6000992 (N.D. Cal. Nov. 12, 2003).

[16] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[17] *Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1074 (9th Cir. 2002).

[18] Fed. R. Civ. Proc. 45(b).

with service of the subpoena,"[19] and subsequent attempts to cure the defect are without effect.[20] Thus, Shuffle Master's belated offer to tender these fees could not cure the fact its subpoena was without legal effect when originally served at DP Stud's place of business on March 7, 2013. *See* Doc. 52 at 11.[21]

Finally, the makeup of the case has altered since the subpoena was issued, and the particular categories of documents requested may now be subject to modification. The subpoena requests categories of information relevant to the claims LT Game brought in its Second Amended Complaint; since the subpoena issued, LT Game has been given leave to amend its complaint, which pleads the same claims as before, but with far greater particularity. Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[22] DEQ had previously objected to some of the categories of information Shuffle Master requested as irrelevant, *see* Doc. 45, and these objections are even more likely to be sustained now. Quashing the subpoena as currently drafted permits Shuffle Master to more accurately correlate its requests for documents and testimony to LT's currently pled allegations.

//
//
//
//
//

---

[19] *CF & I Seel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). *See also In re Stratosphere Corp. Securities Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

[20] *See CF & I Steel*, 713 F.2d at 495.

[21] Additionally, Shuffle Master failed to include a copy of a protective order filed in this case along with the subpoena, although Shuffle Master was obligated to do so. Doc. 32 at 12 ("Any party issuing a subpoena to a non-party shall enclose a copy of this protective order with a request that, within ten (10) calendar days, the non-party either request the protection of this protective order or notify the issuing party that the non-party does not need the protection of this protective order or wishes to seek different protection.").

[22] Fed. R. Civ. Proc. 26(b)(1). Shuffle Master has not yet answered the Third Amended Complaint; it did, however, file a motion to dismiss. Doc. 119.

**Conclusion**

Accordingly, it is **HEREBY ORDERED** that Shuffle Master, Inc.'s Objections to Magistrate Judge Foley's Order on Non-Party DEQ's Motion to Quash **[Doc. 64] are OVERRULED.**

DATED: July 29, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

7