# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LT GAME INTERNATIONAL LTD., | |
| Plaintiff, | Case No. 2:12-cv-01216-JAD-GWF |
| vs. | **ORDER** |
| SHUFFLE MASTER, INC., | Motion to File Portions of Plaintiff's Opposition to Defendant's Motion to Dismiss Third Amended Complaint Under Seal (#126) |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to File Portions of Plaintiff's Opposition to Defendant's Motion to Dismiss Third Amended Complaint Under Seal (#126), filed on June 5, 2014. No opposition was filed in this matter.

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The 9th Circuit has held that the sealing of filings is appropriate to protect the parties' proprietary business operations and trade secrets. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.* The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive

1  materials. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1214 (9th Cir. 2002). Thus, a
2  'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party
3  must meet to rebut the presumption of access to dispositive pleadings and attachments. *See*
4  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Starlite*
5  *Development (China) Ltd. v. Textron Financial Corp.*, 2008 WL 2705393 at 34, (E.D. Cal. 2008).
6        Here, the Court previously entered a Protective Order (#32) governing the handling of
7  documents and discovery in connection with this action. The aforementioned protective order was
8  entered pursuant to a stipulation wherein both parties acknowledged the sensitive and confidential
9  nature of certain information related to the subject matter of this action. By agreement,
10 "Confidential Information" is:

> [A]ny data or information that constitutes, reflects, or discloses non-public, trade secrets, know-how, proprietary date, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

15 Doc. 32 at 2. "Highly Confidential Information – Attorney's Eyes Only" is defined as:

> [A]ny Confidential Information . . . that also includes extremely sensitive, highly confidential, non-public information, including but not limited to, certain business information, business dealings, dealings with customers/prospective customers, research and development, produce development-related ideas, concepts, and information, financial account, and inventory information, which further includes pricing information, forecasts, budgets, customer lists, marketing plans and analyses, whether implemented or not, and other related and/or similar information, the disclosure of which could create a substantial risk of competitive or business injury to the Producing Party.

21 Doc. 32 at 2-3.
22       Plaintiff indicates that its Opposition and several of the exhibits attached thereto reference
23 and/or contain certain documents that were designated as either "Confidential Information" or
24 "Highly Confidential Information – Attorney's Eyes Only" pursuant to the Court's Protective
25 Order. Both parties stipulated to the highly sensitive and private nature of this information
26 pursuant to the terms of the Protective Order. The Court therefore finds that Plaintiff establishes
27 compelling reasons to file portions of its Opposition and Exhibits (#127, #128) under seal.
28 Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Portions of Plaintiff's Opposition to Defendant's Motion to Dismiss Third Amended Complaint Under Seal (#126) is **granted.**

DATED this 21st day of August, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge